582 A.2d 521

**STATE of Maryland**

v.

**Ricky R. DAUGHTON.**

**No. 32, Sept. Term, 1989.**

Court of Appeals of Maryland.

Dec. 5, 1990.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for petitioner.

Michael R. Braudes, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS * and BLACKWELL *, JJ.

COLE, Judge.

In this case we are asked to decide whether the trial court committed plain error in failing to instruct the jury that it could find the defendant not guilty.

The parties have agreed on a statement of facts. Ricky Daughton was charged with two counts of murder. A jury trial was conducted over a three day period in the Circuit Court for Baltimore City. At the conclusion of the evidentiary phase of the trial, the trial judge proceeded to instruct the jury on the presumption of innocence and the State's burden of proof:

> In this case, as in other criminal cases, the accused is presumed innocent and cannot be found guilty unless the evidence is sufficient to prove him guilty beyond a reasonable doubt and to a moral certainty. While the burden is upon the State to establish every fact material as to the guilt of the accused beyond a reasonable doubt, that does not mean that the State must prove the accused guilty to an absolute mathematical certainty. Rather, it means such evidence as you would act upon in a matter involving the important affairs of your life or business with regard to your property. If the evidence is sufficient

---

* Blackwell, J., and Adkins, J., now retired, participated in the hearing and conference of this case while active members of this Court; but did not participate in the decision and adoption of this opinion.

that you can act upon it in very important matters in your lives, then it is sufficient to convict in a criminal case.

Subsequently, the trial judge supplemented her instructions:

Members of the jury, before you go to the jury room, the jury foreman will actually be brought up a verdict sheet and it will be given to you and it will give you more instructions. The Defendant is charged with the first-degree premeditated murder of Jasper Black, the first-degree felony murder of Jasper Black, and the second-degree murder of Jasper Black. The Defendant is charged with the first-degree premeditated murder of Beulah Allen, the first-degree felony murder of Beulah Allen, and the second-degree murder of Beulah Allen. So, when I read the definition to you of first-degree murder and felony murder and second-degree murder, when I said Jasper Black and Beulah Allen, that does not mean collectively, I meant as to each of them. So the Defendant is charged with six charges in all, three as to each of the victims and separately as to one another. *You are instructed that you are to make a finding of guilt or innocence separately as to each of the charges and as to each of the victims.* Is there anything else?

PROSECUTING ATTORNEY: No.

DEFENSE ATTORNEY: No.

(Emphasis added).

The judge's last instruction, before the jury retired to deliberate, was as follows:

I do want you to understand that with regard to each of the three homicide charges as to each of the victims you can only arrive at a verdict of guilty as to one of those three homicide charges as to each of the victims.

\* \* \* \* \* \*

In regard to the verdict sheet with Indictment No. 18707818, as to the murder of Beulah Allen, first-degree premeditated murder, first-degree felony murder and second-degree murder, the Defendant only being guilty of

one of those three homicide charges. Also on the verdict sheet is Indictment No. 18707820, first-degree premeditated murder of Jasper Black, first-degree felony murder and second-degree murder, you may find the Defendant guilty of only one of the homicide charges of Jasper Black.

When the court asked counsel if there was anything else, both responded negatively.

During deliberations, the jury sent a note to the trial judge requesting a definition of premeditated murder. With counsels' consent, the trial judge reinstructed the jury on premeditated first degree murder. Thereafter, the jury returned guilty verdicts against Daughton on both counts of first degree premeditated murder. Daughton appealed and the Court of Special Appeals reversed in an unreported opinion. We granted certiorari to resolve the important issue raised.

The State maintains that the intermediate appellate court misconstrued this Court's holding in State v. Hutchinson, 287 Md. 198, 411 A.2d 1035 (1980), in concluding that Hutchinson stands for the proposition that jury instructions which do not expressly explain the potential verdicts in terms of "guilty/not guilty," constitute plain error. Asserting that this Court, in Hutchinson, expressly rejected the use of a fixed formula for defining plain error, the State concludes that the Court of Special Appeals abused its discretion by doing so in the instant case.

Alternatively, the State argues that even if the trial court erred by omitting the guilty/not guilty dichotomy from its instructions, there was no plain error under the facts of this case. This is so, the State reasons, because the error was cured by the verdict sheet, which provided the jury with that option. Moreover, the error could have been corrected, had Daughton brought it to the court's attention.

In response, Daughton contends that the trial court undermined the State's burden of proof by contrasting a verdict of guilty with innocence instead of with not guilty. Additionally, the respondent argues that the omission of a

not-guilty instruction rendered the instructions confusing as a whole and thereby invoked the plain error rule. Finally, Daughton maintains that notwithstanding the use of the terms "guilty" and "not-guilty" in the verdict sheet, the court's failure to give a not-guilty instruction is dispositive of the issue and warrants affirmance.

Because the Court of Special Appeals relied on the *Hutchinson* rationale in reaching the conclusion that there was plain error in the instant case, it is necessary to review *Hutchinson* and the circumstances surrounding our holding there.

The defendant in *Hutchinson* was on trial for rape. The trial judge properly instructed the jury on the presumption of innocence and the State's burden to prove guilt beyond a reasonable doubt. The court's last words to the jury before it retired to deliberate were as follows:

> Ladies and gentlemen, one moment. Now, *the verdict sheet which I will be giving you will show two possible verdicts,* Count One guilty of rape in the first degree and Count Two guilty of rape in the second degree.... *If you find the defendant not guilty of rape in the first degree, then you consider rape in the second degree. If you find the defendant guilty of rape in the first degree, then, of course, you need not consider rape in the second degree* (Emphasis added).

287 Md. at 201, 411 A.2d 1035.

The court never informed the jury, however, that a "not guilty" verdict was available as a third option. Contrary to the court's instructions, the verdict sheet contained three verdicts, and was formulated as follows:

| | |
|---|---|
| Count I – Guilty of Rape in the First degree | _____ |
| Count 2 – Guilty of Rape in the Second degree | _____ |
| Not guilty | _____ |

We began our analysis in *Hutchinson* by reiterating what Md.Rule 4–325(e)[1] makes clear: an appellate court

---

1. Rule 4–325(e) provides:

may recognize *sua sponte* plain error, that is, error which vitally affects a defendant's right to a fair and impartial trial. 287 Md. at 202, 411 A.2d at 1037–38. *See also, Franklin v. State,* 319 Md. 116, 120–21, 571 A.2d 1208 (1990); *Trimble v. State,* 300 Md. 387, 397, 478 A.2d 1143 (1984), *cert. denied,* 469 U.S. 1230, 105 S.Ct. 1231, 84 L.Ed.2d 368 (1985); *State v. Evans,* 278 Md. 197, 211, 362 A.2d 629 (1976); *Brooks v. State,* 68 Md.App. 604, 515 A.2d 225 (1986), *cert. denied,* 308 Md. 382, 519 A.2d 1283 (1987). We further explained this right to exercise discretion by stating that

> the appellate court would review the materiality of the error *in the context in which it arose,* giving due regard to whether the error was purely technical, the product of conscious design or trial tactics or the result of bald inattention.

(Emphasis provided) 287 Md. at 203, 411 A.2d at 1038. Furthermore, we recognized the fact that the court's instructions inherently affect the jury's ability to discharge its duty of returning a true verdict. 287 Md. at 205, 411 A.2d at 1039. That duty is impaired, then, "when the instructions are lacking in some vital detail or convey some prejudicial or confusing message, however inadvertently." *Id.* We echoed this principle a short time later in *Battle v. State,* 287 Md. 675, 685, 414 A.2d 1266 (1980).

The error which emerged from the trial court's instruction in *Hutchinson* stemmed from advising the jury that it could return no other verdict but guilty. Although the verdict sheet clearly set forth, as a third option, a verdict of not guilty, we rejected the State's contention that the ver-

---

(e) **Objection.**—No party may assign as error the giving or the failure to give an instruction unless the party objects on the record promptly after the court instructs the jury, stating distinctly the matter to which the party objects and the grounds of the objection. Upon request of any party, the court shall receive objections out of the hearing of the jury. An appellate court, on its own initiative or on the suggestion of a party, may however take cognizance of any plain error in the instructions, material to the rights of the defendant, despite a failure to object.

dict sheet cured the omission in the trial judge's oral instructions. In sum, we pointed out that the trial judge was the central figure at the trial and, thus, his words were likely to be of utmost significance to the jury. 287 Md. at 206, 411 A.2d at 1040. Therefore, to conclude that the verdict sheet cured any omission in his oral instructions would require us to speculate, which we refused to do in light of the potential confusion caused by the judge's instruction. More specifically we stated:

> [i]f a defendant is entitled to have a jury instructed as to all possible verdicts arising from the evidence, it seems manifest to us that he would have the right to have the jury told that it may find him not guilty. We can envision no right more fundamental to the defendant in a criminal jury trial.

(Footnote omitted) 287 Md. at 206, 411 A.2d at 1039.

Having read the jury instructions in the instant case in their entirety, we do not find any confusion analogous to that identified in *Hutchinson*. Here, besides giving the boilerplate instructions on the presumption of innocence and the State's burden of proof, the court also instructed the jury on the option of finding Daughton innocent as to each count charged. Specifically, the judge stated:

> You are instructed that you are to make a finding of guilt or innocence separately as to each of the charges and as to each of the victims.

No exceptions were taken to this instruction. More important, the verdict sheet completely conformed to this instruction.[2] In an attempt to clarify the point that Daughton

---

2. The verdict sheet as to each victim was the same and in the following format:

First Degree Premeditated Murder
of (name of victim)

_____     _____

Not guilty          Guilty

First Degree Felony Murder

could only be convicted of one of the three types of homicide charged as to each victim, the court subsequently stated:

> with regard to each of the three homicide charges as to each of the victims you can only arrive at a verdict of guilty as to one of those three homicide charges as to each of the victims.

There was nothing confusing in this instruction.

In its decision, the Court of Special Appeals concluded that the dispositive issue was whether "instructions, that in part refer to a choice between a finding of guilt or innocence, when read as a whole 'clearly inform[ ] the jury that they could find the appellant not guilty.' " (citation omitted). There being no express reference to the option of returning a "not guilty" verdict, that court held that the instructions did not clearly present this option. Consequently, the court decided that this omission constituted plain error. We disagree.

We readily acknowledge the legal distinction between the terms "not guilty" and "innocent." The former connotes that the State has not carried its burden; the latter connotes a jury finding of no criminal responsibility. *See, e.g., Sanders v. State,* 429 So.2d 245, 251 (Miss.1983) (A not guilty verdict does not establish innocence. Technically speaking, a "not guilty" verdict means that the jury failed to find guilt beyond a reasonable doubt); *Roberts v. People,* 103 Colo. 250, 87 P.2d 251, 256 (1938) (verdict of not guilty is not verdict of innocence, but instead verdict of "not

---

of (name of victim)

_____     _____
Not guilty          Guilty

Second Degree Murder of
(name of victim)

_____     _____
Not guilty          Guilty

proven in this case."). Nevertheless, in the instant case the potential verdicts furnished to the jury adequately advised the jury of the option of returning a not guilty verdict. We are more convinced of the sufficiency of this instruction in light of the fact that the verdict sheet confirmed that a verdict of not guilty was an option. In contrast, the trial judge in *Hutchinson,* in effect, told the jury that the defendant was innocent until proven guilty beyond a reasonable doubt, but then barred it from considering a general verdict of not guilty. Notwithstanding the fact that the verdict sheet presented that option, the court's instruction there was tantamount to saying, ignore the "not-guilty" verdict. It is this fact that distinguishes the two cases.

We hasten to add, however, that we are not to be understood as placing our approval on the use of the term "innocent" instead of "not guilty" when instructing the jury as to the verdicts it may consider. *See Watts v. United States,* 362 A.2d 706, 711 (D.C.1976). Nevertheless, we conclude that the trial court did not err in this case.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. RESPONDENT TO PAY COSTS IN THIS COURT. COSTS IN THE COURT OF SPECIAL APPEALS TO ABIDE THE RESULT.