995 A.2d 268

Sheila BOULDEN

v.

STATE of Maryland.

No. 49 Sept.Term, 2009.

Court of Appeals of Maryland.

May 14, 2010.

286

Piedad Gomez, Asst. Public Defender (Elizabeth Julian, Acting Public Defender, Baltimore, MD), on brief for Petitioner.

Carrie J. Williams, Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen. of Maryland, Baltimore, MD), on brief for Respondent.

ARGUED BEFORE BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, ADKINS and BARBERA, JJ.

HARRELL, Judge.

We consider here whether a defendant in a criminal case may waive effectively his or her right to a trial by jury after the commencement of the trial, in this case, at the close of the State's case-in-chief. Petitioner, Sheila Boulden, was charged in the Circuit Court for Cecil County with Second Degree Child Abuse and Second Degree Assault. A court trial, at which Boulden was represented by counsel, commenced on 5 July 2006. The State rested at the end of the day's proceedings. The next morning, the prosecutor observed to the trial court that Petitioner's waiver of her right to a jury trial had not been placed on the record as yet. This revelation elicited no objection or motion for mistrial from the defense. The trial court conducted a waiver colloquy in which Petitioner stated that she understood the nature of a jury trial, knew she had a constitutional right to a jury trial, and that she wished to waive that right. After the colloquy and acceptance of the jury waiver, the defense presented its case. The court found Petitioner guilty of both counts. She appealed to the Court of Special Appeals challenging, for the first time, the efficacy of her jury trial waiver. Our intermediate appellate court colleagues affirmed in an unreported opinion. We granted Boulden's petition for writ of certiorari, 409 Md. 44, 972 A.2d 859 (2009). We shall affirm.

## I. PROCEDURAL BACKGROUND

A Cecil County grand jury indicted Boulden on 20 September 2005 on single counts of child abuse and second degree assault. On 4 November 2005, Boulden made her initial appearance in the Circuit Court where she received an "Initial Appearance and Not Guilty Form." The form stated, in pertinent part, as follows:

**Jury or court trial**—YOUR CASE WILL BE TRIED BY A JURY unless you are charged with a violation of proba-

tion, or you request a court trial, or you are advised otherwise.

— A jury is composed of 12 citizens of this county chosen at random from the voters' and licensed drivers' lists. A jury's verdict must be unanimous. In other words all 12 must agree on finding you guilty by proof beyond a reasonable doubt or finding you not guilty.

— A court trial, also called a judge trial, is a trial by a judge of the circuit court. The judge cannot find you guilty unless your guilt is proven beyond a reasonable doubt. You may request a court trial at any time before your jury trial actually begins and the first juror is sworn in.

Boulden signed the form, acknowledging that she received a copy of the document and that she understood the advisement of rights given by the judge.[1]

On 5 July 2006, a court trial commenced. Boulden was represented by counsel. Although Petitioner's waiver of her right to trial by jury was not placed on the record at the outset, the following colloquy between the court and counsel occurred:

THE COURT: Okay. Is the State ready to proceed?

[STATE]: State's ready, Your Honor.

THE COURT: [Defense counsel], are we going forward with a court trial?

[DEFENSE COUNSEL]: Yes, sir. We are.

The State rested its case-in-chief at the end of the day. At the start of the second day of trial, the following colloquy ensued between the participants:

[STATE]: Before we get to motions, Your Honor, it struck me last night that I don't believe we put the defendant's waiver of jury trial on the record yesterday.

THE COURT: I think you're absolutely right. Now that you mention it, I had assumed that was already done since

---

1. It appears from the record that Boulden was not represented by counsel at this time.

we were proceeding by court trial. If it has not already been done, we need to do that.

[DEFENSE COUNSEL]: That's correct, Your Honor.

THE COURT: Okay. Ms. Boulden, would you stand, please? I have to explain something to you. Ms. Boulden, you have a constitutional right to a jury trial in this case because of the nature of the charges against you. A jury is twelve citizens chosen through a process in which you and your lawyer have the right to participate actively. That is, you and your lawyer participate in the selection of twelve citizens. They are chosen, again, with the participation of you and your lawyer from a larger group, sometimes called an array or panel. The larger group from which those twelve are chosen at random are from the voter registration list and the motor vehicle records of Cecil County. Because they are chosen at random, those groups, the array, will over time include all of the different kinds of people who live in Cecil County.

In a jury trial the State has the burden of proving its case beyond a reasonable doubt, just as in a court trial. In a jury trial they have to prove the case to the jury. That is, the twelve citizens have to be convinced beyond a reasonable doubt and they have to be convinced unanimously. That means all twelve of them must vote guilty in order for you to be found guilty. If any one of them refuses to vote guilty, then you cannot be convicted in a jury trial. Do you understand what a jury is?

THE DEFENDANT: Yes.

THE COURT: Do you understand what a jury trial is?

THE DEFENDANT: Yes.

THE COURT: Do you understand that you have a constitutional right to a jury trial?

THE DEFENDANT: Yes.

THE COURT: Do you wish to waive your constitutional right to a jury trial and proceed in a court trial?

THE DEFENDANT: Yes.

THE COURT: Okay. Do you have any questions about the rights that I've explained to you, the right to a jury trial?

THE DEFENDANT: No.

THE COURT: Has anybody threatened you in any way or made you afraid to get you to waive your right to a jury trial?

THE DEFENDANT: No.

THE COURT: Has anybody offered you anything or promised you anything to get you to waive your right to a jury trial?

THE DEFENDANT: No.

THE COURT: You're doing this voluntarily, freely, of your own free will?

THE DEFENDANT: Yes.

THE COURT: All right. Then I'm satisfied that the defendant has waived her right to a jury trial.

Defense counsel then moved for a judgment of acquittal, arguing that the State had not proven all elements of the child abuse charge. The delayed jury trial waiver inquiry was not mentioned. The court denied the motion and found Boulden guilty of both counts.

On 14 July 2006, defense counsel filed a motion for a new trial alleging multiple errors. She did not object, however, to the timing of the jury trial waiver colloquy or validity of the waiver and its acceptance. Before the court ruled on the new trial motion, on 6 September 2006, Boulden filed an "amendment" to her motion, alleging that an essential witness to her case, the victim's mother, did not testify. Again, she did not object to the timing or validity of the jury trial waiver. After holding a hearing on 12 September 2006, the court denied the motion and sentenced Petitioner to six years imprisonment, with all but three years suspended.[2]

---

2. On 4 October 2006, Boulden filed a Petition for Modification and Reduction of Sentence, which appears as yet unruled on by the trial court. Stapled to the Petition is the following note: M's Clerk:

Boulden filed an appeal to the Court of Special Appeals, arguing, for the first time, that her waiver of her right to trial by jury was defective because the inquiry, waiver, and acceptance were conducted after the commencement of trial. The court affirmed in an unreported opinion. Relying on its opinion in *Valiton v. State*, 119 Md.App. 139, 704 A.2d 478 (1998), the intermediate appellate court concluded that Boulden waived her right to complain about the delayed waiver inquiry because she failed to challenge before the trial court at any time the timing or validity of the jury trial waiver, despite ample opportunity to do so. We issued a writ of certiorari upon Boulden's petition. 409 Md. 44, 972 A.2d 859 (2009). Her petition presented the following questions:

1. May a criminal defendant effectively waive his or her right to a trial by jury after the commencement of trial?

2. If not, did the Court of Special Appeals err in concluding that Petitioner waived her right to complain about the validity of her jury trial waiver because she did not voice a complaint to the trial court?

For the reasons that follow, we affirm the judgment of the Court of Special Appeals.

## II. ANALYSIS

### A. The Right to a Jury Trial

The right to a jury trial in Maryland in qualifying criminal cases is guaranteed by the Sixth Amendment to the United States Constitution [3] and by Articles 5 ("[T]he inhabit-

Please docket and file the attached Motion for Modification or Reduction of Sentence but *DO NOT* submit it to the Court at this time. The Defendant will, sometime in the future, direct a written request to you that the same be submitted to the Court for its consideration at that time.

3. The Sixth Amendment provides:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the

ants of Maryland are entitled to ... trial by jury...."), 21 ("[I]n all criminal prosecutions, every man hath a right to ... a speedy trial by an impartial jury, without whose unanimous consent he ought not to be found guilty."), and 24 (due process) of the Maryland Declaration of Rights. The Sixth Amendment's guarantee of a jury trial is applicable to the States through the Fourteenth Amendment. *Duncan v. Louisiana,* 391 U.S. 145, 149–50, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). A defendant may elect to waive this right and instead be tried by the court. *Powell v. State,* 394 Md. 632, 638, 907 A.2d 242, 246 (2006); *Abeokuto v. State,* 391 Md. 289, 316, 893 A.2d 1018, 1033 (2006); *Martinez v. State,* 309 Md. 124, 132–33, 522 A.2d 950, 954 (1987); *Countess v. State,* 286 Md. 444, 449, 408 A.2d 1302, 1304 (1979).

 Maryland Rule 4–246 governs the procedure for the waiver of a jury trial in a criminal case. In 2006, at the time of Boulden's trial, Maryland Rule 4–246 provided:[4]

(a) **Generally.** In the circuit court, a defendant having a right to trial by jury shall be tried by a jury unless the right is waived pursuant to section (b) of this Rule. If the waiver is accepted by the court, the State may not elect a trial by jury.

---

witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

4. Rule 4–246 was subsequently amended to reflect stylistic changes in section (a) and substantive changes in section (b). The current rule, effective 1 January 2008, provides:

(a) **Generally.** In the circuit court, a defendant having a right to trial by jury shall be tried by a jury unless the right is waived pursuant to section (b) of this Rule. The State does not have the right to elect a trial by jury.

(b) **Procedure for acceptance of waiver.** A defendant may waive the right to a trial by jury at any time before the commencement of trial. The court may not accept the waiver until, after an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, the court determines and announces on the record that the waiver is made knowingly and voluntarily.

(b) **Procedure for acceptance of waiver.** *A defendant may waive the right to a trial by jury at any time before the commencement of trial.* The court may not accept the waiver until it determines, after an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that the waiver is made knowingly and voluntarily.

(emphasis added). Although Rule 4–246 provides the procedures for waiver of the right to trial by jury, the ultimate inquiry regarding the validity of a waiver is whether " 'there has been an intentional relinquishment or abandonment of a known right or privilege.' " *Powell,* 394 Md. at 639, 907 A.2d at 246 (quoting *Smith v. State,* 375 Md. 365, 379, 825 A.2d 1055, 1064 (2003)). There is no fixed dialogue that must take place with a defendant to affect a valid outcome, but the court should ensure that the record demonstrates an intentional relinquishment of a known right.[5] *Abeokuto,* 391 Md. at 317–

---

**5.** The Committee Note to Rule 4–246(b), added in 2009, provides guidance to trial courts when engaging the jury trial waiver colloquy:

Although the law does not require the court to use a specific form of inquiry in determining whether a defendant's waiver of a jury trial is knowing and voluntary, the record must demonstrate an intentional relinquishment of a known right. What questions must be asked will depend upon the facts and circumstances of the particular case.

In determining whether a waiver is *knowing,* the court should seek to ensure that the defendant understands that: (1) the defendant has the right to a trial by jury; (2) unless the defendant waives a trial by jury, the case will be tried by a jury; (3) a jury consists of 12 individuals who reside in the county where the court is sitting, selected at random from a list that includes registered voters, licensed drivers, and holders of identification cards issued by the Motor Vehicle Administration, seated as jurors at the conclusion of a selection process in which the defendant, the defendant's attorney, and the State participate; (4) all 12 jurors must agree on whether the defendant is guilty or not guilty and may only convict upon proof beyond a reasonable doubt; (5) if the jury is unable to reach a unanimous decision, a mistrial will be declared and the State will then have the option of retrying the defendant; and (6) if the defendant waives a jury trial, the court will not permit the defendant to change the election unless the court finds good cause to permit the change.

18, 893 A.2d at 1034; *Martinez,* 309 Md. at 134, 522 A.2d at 955. "Whether the waiver is valid depends upon the facts and totality of the circumstances of each case." *Abeokuto,* 391 Md. at 318, 893 A.2d at 1034.

## B. The Parties' Contentions Here

Petitioner argues that a criminal defendant may not waive effectively his or her right to a jury trial after the commencement of trial. She looks to the plain language of Rule 4–246(b) that the waiver of a jury trial occur before the commencement of trial as vital to ensuring that the waiver is knowing and voluntary. She also complains that the trial court failed to inform her that a mistrial would be declared if she did not choose to waive her right to a jury trial.

The State, conceding that the timing requirement of the Rule was violated on this record, argues that Boulden waived any claim that her right to jury trial was violated when the State, in open court, brought the error to her attention before the defense case began and she failed utterly to voice an objection to the process employed, even in post-verdict motions. As a result, the State urges also that we hold that the court's failure to place the waiver on the record prior to the commencement of trial was harmless because the court corrected promptly its error and the totality of the circumstances indicate that Boulden's waiver of her right to a jury trial was knowing and voluntary.

## C. Petitioner Waived Her Right to Complain About the Timing and Effectiveness of Her Jury Trial Waiver

We hold that Boulden waived her right to complain about the timing and effectiveness of the jury trial waiver

---

In determining whether a waiver is voluntary, the court should consider the defendant's responses to questions such as: (1) Are you making this decision of your own free will?; (2) Has anyone offered or promised you anything in exchange for giving up your right to a jury trial?; (3) Has anyone threatened or coerced you in any way regarding your decision?; and (4) Are you presently under the influence of any medications, drugs, or alcohol?
(emphasis in original).

colloquy. Pursuant to Maryland Rule 8–131(a),[6] our scope of appellate review is "ordinarily" limited to an issue that was "raised in or decided by the trial court." Rule 8–131(a) has two purposes: ensuring fairness to all parties and the promotion of the orderly administration of the law. *Robinson v. State*, 410 Md. 91, 103, 976 A.2d 1072, 1079 (2009). We explained in *Robinson* that those purposes are

> advanced by requiring counsel to bring the position of their client to the attention of the lower court at the trial so that the trial court can pass upon, and possibly correct any errors in the proceedings. For those reasons, Md. Rule 8–131(a) requires an appellant who desires to contest a court's ruling or other error on appeal to have made a timely objection at trial. The failure to do so bars the appellant from obtaining review of the claimed error, as a matter of right.

*Id.* (internal citations and quotation marks omitted).

We may decide, however, an issue that was not raised or decided by the trial court "if necessary or desirable to guide the trial court or to avoid the expense and delay of another appeal." Md. Rule 8–131(a). We exercise that discretion only in an appropriate case and where "doing so furthers, rather than undermines, the purposes of the rule." *Robinson*, 410 Md. at 104, 976 A.2d at 1079. We may consider an unpreserved issue "only when it is clear that it will not work an unfair prejudice to the parties or to the [trial] court." *Jones v. State*, 379 Md. 704, 714, 843 A.2d 778, 784 (2004). We stated in *Robinson* that "[i]t would be unfair to the trial court and opposing counsel, moreover, if the appellate court were to

---

6. Rule 8–131(a) provides:

(a) **Generally.** The issues of jurisdiction of the trial court over the subject matter and, unless waived under Rule 2–322, over a person may be raised in and decided by the appellate court whether or not raised in and decided by the trial court. Ordinarily, the appellate court will not decide any other issue unless it plainly appears by the record to have been raised in or decided by the trial court, but the Court may decide such an issue if necessary or desirable to guide the trial court or to avoid the expense and delay of another appeal.

review on direct appeal an unobjected to claim of error under circumstances suggesting that the lack of objection might have been strategic, rather than inadvertent." 410 Md. at 104, 976 A.2d at 1080. This is true even where the complained of error is of Constitutional dimension. *Id.* at 106, 976 A.2d at 1081.

In *Robinson,* the defendant complained that his constitutional right to a public trial was violated because the trial court, believing that defendant's family was intimidating witnesses, excluded the family from the courtroom. The defendant did not object. We held that, notwithstanding the alleged violation of his constitutional right to a public trial, he waived his right to complain about the exclusion. *Id.* at 106, 976 A.2d at 1081. We observed that the right to a public trial, "though fundamental is not within the 'narrow band of rights that courts have traditionally required an individual knowingly and intelligently [to] relinquish or abandon in order to waive the right or claim.' " *Id.* at 107, 976 A.2d at 1082 (quoting *Hunt v. State,* 345 Md. 122, 138, 691 A.2d 1255, 1262 (1997)). We distinguished the right to a public trial from, among others, the right to a jury trial, "which [is] absolute and can only be foregone by the defendant's affirmative 'intelligent and knowing' waiver...." *Id.*

In *Taylor v. State,* 381 Md. 602, 851 A.2d 551 (2004), the petitioner complained that his second trial and conviction constituted impermissible double jeopardy after the trial court declared a mistrial in his first trial. His first trial ended in a mistrial on 11 September 2001 when the courthouse closed due to the events of "9/11." Although he objected when the judge declared a mistrial, he failed to do so on double jeopardy grounds. He was re-tried and convicted. On appeal, he argued that the trial judge declared improperly a mistrial without Taylor's consent, and that the mistrial was not based on manifest necessity. This Court held that he failed to preserve the double jeopardy issue for appellate review because no objections or a motion to dismiss based on double jeopardy were made. *Id.* at 612, 851 A.2d at 557. We noted that Taylor filed several motions after the mistrial, but never complained in them on double jeopardy grounds. *Id.* at 627,

851 A.2d at 565. We recognized, as we did in *Robinson,* that his failure to object may have been based on a strategic choice.

> Instead of raising the issue prior to or during the retrial, petitioner waited until *after* an unfavorable judgment had been made and a sentence rendered, and then only raised it during the appellate process. Petitioner thus availed himself of the benefits of his counsel's trial tactic of agreeing to the mistrial by selecting a new jury, *i.e.,* he relieved himself of his counsel's concern that the September 11, 2001 jury would not be able to concentrate on his case due to the national tragedy, and, when a negative result was procured, only then did he raise the issue of double jeopardy.

*Id.* at 626–27, 851 A.2d at 565 (emphasis in original). We concluded that "[b]ecause no trial judge ruled on the double jeopardy issue, Md. Rule 8–131(a) provides that the issue is not properly before this Court." *Id.*

Petitioner looks to *Martinez v. State,* 309 Md. 124, 522 A.2d 950 (1987), *Mitchell v. State,* 337 Md. 509, 654 A.2d 1309 (1995), and *United States v. Saadya,* 750 F.2d 1419 (9th Cir.1985), for support of her argument that the waiver determination can be made on the record only before trial commences. Her reliance on these cases is misplaced, however, because they involved violations of the defendant's Constitutional trial rights, not violations of a purely procedural nature as is the case here. In *Martinez,* we considered whether a defendant may waive the right to a jury trial after the trial has concluded. The trial court asked the defendant whether "any person, either inside or outside of this courthouse, made [him] any promise, or has threatened [him] in anyway in order to have [him] give up [his] right to a jury trial?" *Id.* at 129, 522 A.2d at 952. The defendant answered, "[y]es." *Id.* The transcript also revealed that the defendant was taking several medications to treat psychiatric conditions and that the affirmative response to the court's question may have been the result of a language misunderstanding. *Id.* at 127–28, 135, 522 A.2d at 951–52, 955. The intermediate appellate court resolved that the waiver was not voluntary and ordered a limited

remand so that Martinez's responses could be clarified. *Id.* at 135, 522 A.2d at 955. We reversed, holding that a limited remand to determine whether the defendant waived voluntarily his right to a jury trial was improper. We stated that "Rule 4–246 requires that the defendant's waiver be on the record *before* the trial commences." *Id.* (emphasis in original). Therefore, we held that he was entitled to a new trial because the record did not disclose a knowing and voluntary waiver of a jury trial. *Id.* at 136, 522 A.2d at 956. *See also Countess v. State*, 286 Md. 444, 457–58, 459, 460–61, 408 A.2d 1302, 1309–10, (1979) (consolidated appeal in which we held that the failure to establish that a defendant's waiver was knowing and voluntary warrants a reversal of the sentence and conviction).

In *Mitchell*, the trial court failed to conduct the proper inquiry into whether the defendant had valid reasons for appearing without counsel on the date set for trial. The Court of Special Appeals ordered a limited remand to determine if his reasons were meritorious. 337 Md. at 515, 654 A.2d at 1312. We held that a limited remand was impermissible because "[i]nquiry into the merits of a defendant's reasons for appearing without counsel must be conducted on the record *prior to* trial; therefore, *Martinez* is not distinguishable on that ground." *Id.* at 517, 654 A.2d at 1313 (emphasis in original). We explained that if we affirmed the order of a limited remand, the defendant "would have to reconstruct his actions [and recall dates and conversations with the Office of the Public Defender]. The potential prejudice to Mitchell is obvious, and a limited remand in this case would be fundamentally unfair." *Id.* We stated further that, "[t]his case is much like *Martinez* and other cases in which the knowing and voluntary nature of a jury trial waiver is at issue. In those cases, our concern has been that there could be subtle coercion that would not appear on the record." *Id.* at 518, 654 A.2d at 1313. Therefore, we held that a "[f]ailure to conduct the Rule 4–215(d) inquiry at the proper time ... mandates a new trial." *Id.* at 518, 654 A.2d at 1314.

The federal Court of Appeals for the Ninth Circuit reached a similar conclusion in *United States v. Saadya*, 750 F.2d 1419

(1985). In *Saadya*, the defendants failed to make both a written waiver, as required by federal Rule 23(a),[7] and an oral waiver of their right to jury trial in open court. *Id.* at 1421. The appellate court refused to hold that the failure to obtain a waiver from the defendants was a "technical violation" of the rule. *Id.* at 1420–21. It also rejected the government's suggestion to remand the case to the district court for a determination of whether appellants and their former counsel reached a decision to waive a jury trial. *Id.* at 1421. The court concluded that, although the Rule does not include expressly a time requirement, "[a] defendant's waiver of his right to jury trial must appear on the record prior to the time the trial commences. The absence of a waiver on the record of the right to trial by jury cannot be remedied by subsequent proceedings on remand." *Id.* at 1422.

In *Valiton v. State*, 119 Md.App. 139, 704 A.2d 478 (1998), the Court of Special Appeals considered virtually the very issue that we consider in the present case. Valiton was on trial for escape from the Allegany County Detention Center. After the close of the State's case, the trial court realized that Valiton's waiver of his right to jury trial had not been placed on the record. Defense counsel then placed the waiver on the record in the following colloquy:

[DEFENSE COUNSEL]: Mr. Valiton, I've talked to you at some length about the options of a court trial as opposed to a jury trial and at a jury trial I explained to you that you and I would help select the jurors who are picked from the voter rolls here in Allegany County. And I went over with you some of the strategy and options that were available in

---

**7.** Federal Rule of Criminal Procedure 23(a) governs the waiver of a criminal defendant's right to a jury trial. Rule 23(a) provides as follows:

(a) Jury Trial. If the defendant is entitled to a jury trial, the trial must be by jury unless:
(1) the defendant waives a jury trial in writing;
(2) the government consents; and
(3) the court approves.

either a court trial or a jury trial and did I to the best of your knowledge explain the options available to you.

MR. VALITON: Yes.

[DEFENSE COUNSEL]: And it's my understanding, since you relied somewhat on my view of the proceedings, that in light of my statements to you that you have elected to choose, you choose to be tried by the Court, is that correct?

MR. VALITON: That's correct.

[DEFENSE COUNSEL]: And that it [sic] basically I told you what the options were and suggested that this was a decision you had to make, is that correct?

MR. VALITON: Correct.

[DEFENSE COUNSEL]: And have you made this decision voluntarily of your own free will to forego a jury trial and be tried by His Honor, [ ]?

MR. VALITON: I have.

THE COURT: All right, gentleman, thank you very much. Just to follow that up, and perhaps you noted it, but let me do it. Mr. Valiton, jury trial, of course, meaning twelve persons selected at random from Allegany County. The jury has to conclude unanimously guilty beyond a reasonable doubt before anyone can be convicted. That is the further right of jury trial. You understand that through [DEFENSE COUNSEL], is that correct, sir?

MR. VALITON: Yes.

THE COURT: All right. Thank you, you may be seated, gentlemen. Then the Clerk will note that selection at this point in time of the Court trial.

*Id.* at 143–44, 704 A.2d at 479–80. Over "vigorous defense objection," the court permitted the State to amend the dates of the charges to reflect testimony of a detention center official, but granted to the defense a 28–day continuance. *Id.* at 142, 704 A.2d at 479. On appeal to the Court of Special Appeals, Valiton claimed that Rule 4–246 requires an on-the-record colloquy before the commencement of trial before a valid jury trial waiver could be found to have occurred. *Id.* at 145, 704 A.2d at 480. Therefore, he argued that the jury trial

waiver, conducted in the middle of trial, violated the Rule, and, as a result, he was entitled to a new trial. *Id.* at 145, 704 A.2d at 480–81. The appellate court conceded that the waiver inquiry did not comply with the Rule because it was not conducted before trial, but nonetheless concluded that Valiton waived his right to complain. *Id.* at 146, 704 A.2d at 481. The intermediate appellate court distinguished Valiton's case from *Martinez.* "Unlike in this case, the waiver inquiry in *Martinez* was timely conducted and the appellant did not complain that the waiver colloquy occurred at a time not prescribed by the rule. Rather, the appellant in *Martinez* argued that his waiver was not voluntary, and the Court of Appeals was concerned with the ultimate reliability of the jury trial waiver." 119 Md.App. at 146, 704 A.2d at 481. The intermediate appellate court acknowledged that we referenced the timing of the waiver inquiry in *Martinez,* but found it

> apparent that the Court focused on the validity of the waiver, and determined only that jury trial waivers are not reliable when conducted post-trial. At that stage of the proceedings, shortly before sentencing, it noted that a defendant may feel inhibited from asserting that the waiver was involuntary or he may proceed, hoping to be rewarded by agreeing to the waiver.

*Id.* at 148, 704 A.2d at 482. Because the waiver colloquy was conducted at the close of the State's case and not at the conclusion of trial, the *Valiton* court determined that the "case does not present the precise concerns that are evident in a post-trial waiver situation." *Id.* Furthermore, unlike in *Martinez,* where we were concerned with the voluntariness of the defendant's waiver, there was no question in *Valiton* that the waiver was involuntary or unknowing. "[T]he record reflect[ed] that appellant was fully informed as to the nature of a jury trial...." *Id.* at 149, 704 A.2d at 482. The court found "most significant" that Valiton

> never voiced any complaint to the delayed waiver inquiry. When the court first realized at the end of the State's case that no waiver inquiry had occurred, appellant's counsel did not object. Yet the record is devoid of any suggestion of

the slightest coercion or pressure upon appellant or counsel to avoid 'rocking the boat' at that time.

*Id.* The court continued, however, stating that

"[p]erhaps appellant's failure to object immediately, standing alone, would not convince us that appellant waived his right to assert a challenge on appeal with respect to the untimeliness of the jury trial waiver inquiry. We need not reach that issue, however. In this case, a lengthy continuance of the trial followed the jury trial waiver inquiry. During the four-week hiatus, appellant did not lodge any objection or complaint to the court concerning the jury trial waiver. Even if appellant was initially unaware of the content of Rule 4-246, or later had second thoughts, or felt intimidated or pressured while he was in court, he certainly could have raised the matter during the intervening four weeks that preceded the presentation of the defense case. Instead, appellant failed to challenge the timing or validity of the jury trial waiver. It is appellant's silence during the four week continuance that most distinguishes this case from *Martinez.*"

*Id.* at 149–50, 704 A.2d at 483. Recognizing that the ultimate purpose of the rule is to ensure that the waiver is knowing and voluntary, the court determined that, under the circumstances of that case, Valiton waived his right to complain about compliance with the timing of the waiver colloquy. *Id.* at 150, 704 A.2d at 483. *See also State v. Barr,* 2008 Ohio 2176, 2008 WL 1972738 (Ohio Ct.App. 8 May 2008) (late filing of written jury trial waiver was cured by the court's colloquy with the defendant when it realized the error mid-trial and the colloquy established that the defendant knowingly, voluntarily, and intelligently waived his right to jury trial).

We determine likewise that Boulden waived her right to complain about the tardy jury trial waiver colloquy. At the beginning of the trial, Petitioner did not object when asked by the trial judge "are we going forward with a court trial?" Instead, defense counsel answered affirmatively. Moreover, defense counsel could have objected to the failure to place on

the record Boulden's waiver of her right to trial by jury when the State brought the error to everyone's attention at the close of the State's case-in-chief and before the defense was to put on its case. The defense could have moved for a mis-trial. Although there was not a 28–day continuance in Boulden's case, as in *Valiton*, approximately two months passed after the conclusion of Boulden's trial until the hearing on her motion for new trial and sentencing. She filed a motion for a new trial and an amendment to that motion one month after trial ended, in neither of which was the timing of the jury trial waiver raised. Petitioner, who was represented by counsel throughout the trial and post-verdict proceedings, had ample opportunity to object to the tardy jury trial waiver.

We agree also with the reasoning in *Valiton* that a jury trial waiver, that otherwise complies with Rule 4–246, placed on the record at the close of the State's case-in-chief, but before the defense commences its presentation of evidence, is distinguished from *Martinez* because the post-trial inquiry process proposed in *Martinez* implicated the voluntariness of the defendant's waiver, not simply a technical rule violation. In other words, the waiver in the present case violated the rule of procedure, but the waiver in *Martinez* violated the defendant's core constitutional right to a jury trial. There is no indication in this record that Boulden's trial waiver was anything but knowing and voluntary. She responded that: she understood what a jury is; she had a constitutional right to a jury trial; she wished to waive her constitutional right to a jury trial and proceed in a court trial; no one offered or promised her anything in exchange for her waiver of a trial by jury; she was waiving her right to trial by jury voluntarily, freely, and of her own free will; and, she did not have any questions regarding her right to a jury trial. The trial court, having the opportunity to view Petitioner's demeanor and listen to her responses, was satisfied that she waived her right to a jury trial. We will not upset that finding based solely on a technical violation of the timing requirement of the Rule.

The present case also is readily distinguished from *Saadya* and *Mitchell.* In *Saadya,* as in *Martinez,* there was

no otherwise valid waiver on the record at any time to overcome strict compliance with the procedural requirements of the federal rule. Similarly, in *Mitchell,* the trial court did not conduct a waiver inquiry to determine why the defendant did not appear with counsel. Here, the concerns that we and other courts have expressed with a *post-trial* inquiry into the waiver of constitutional rights are not present. The court conducted a colloquy after the commencement of trial, but before the defense was called upon to present its case. If no such colloquy had taken place, or one that did not indicate that Boulden waived her right to trial by jury knowingly and voluntarily, then a different result would obtain. Although the right to trial by jury is absolute, the Constitution requires only that the waiver be voluntary and knowing. *See Robinson,* 410 Md. at 107, 976 A.2d at 1082. There is no indication in this record of subtle coercion such as might taint confidence where a post-trial waiver situation was presented. We decline to hold that any waiver that occurs after commencement of trial, but prior to the end of trial, is coercive inherently.

Moreover, there is the consideration of whether the failure to object to the late waiver was a matter of trial strategy in the present case. We stated in *Robinson,* "if the failure to object is, or even might be, a matter of strategy, then over-looking the lack of objection simply encourages defense gamesmanship." 410 Md. at 104, 976 A.2d at 1080. Boulden and her defense counsel may have thought they had a "free look" at the State's case-in-chief. We have recognized on several occasions that " 'any experienced lawyer worth his salt in the trial of criminal matters knows that there are many, many instances where trial before the court is in the best interest of the accused.' " *Martinez,* 309 Md. at 132, 522 A.2d at 954 (quoting *State v. Zimmerman,* 261 Md. at 19, 273 A.2d at 160 (1971)). There are many strategic reasons for electing a court trial instead of a jury trial. For example,

> [t]he defendant may want to waive a jury trial when he feels that a jury panel composed of members of the community will be prejudiced against his case. This may be especially true when the defendant's alleged crime has

received wide publicity or is particularly gruesome. The defendant may also feel that a judge would be less apt than a jury to draw negative conclusions from the defendant's appearance or manner of speech. Or, he may merely prefer that the arbiter of his fate be one person trained in the law rather than twelve laymen.

*Abeokuto*, 391 Md. at 318, 893 A.2d at 1034 (quoting *Zimmerman*, 261 Md. at 19, 273 A.2d at 160). Such a circumstance may be present where, as here, the defendant is charged with child abuse. *See id.* at 318, 893 A.2d at 1034 ("Being charged with the brutal murder of a small child might present a basis to [waive the right to a jury trial.]"). At that crossroad, and knowing of the violation of the Rule, Petitioner, having evaluated the strength (or weakness) of the State's case, chose to remain silent and continue with a court trial, rather than demand a new jury trial to which she was still entitled.

**D. The Violation of Rule 4–246 was Harmless Error**

We also conclude that, under the facts and circumstances of this case, the violation of Rule 4–246 constituted harmless error. An error is harmless and does not entitle a defendant to a new trial if the reviewing court is able to determine "beyond a reasonable doubt that the error in no way influenced the verdict." *Dorsey v. State*, 276 Md. 638, 659, 350 A.2d 665, 678 (1976). Although "the rules of procedure are precise rubrics to be strictly followed . . .[,] [i]t does not follow, however, that the harmless error doctrine has no application to the Maryland Rules and that a violation of a procedural rule can never be harmless. There is no basis in authority or logic for such a holding." *Noble v. State*, 293 Md. 549, 557–58, 446 A.2d 844, 848 (1982). The violations of certain rules, however, "because of the nature and purpose of these particular rules, can rarely be deemed harmless error." *Id.* at 558, 446 A.2d at 848. The right to jury trial and the right to counsel are among such rules. *Id.*

The actual denial of the unwaived right to trial by jury is ordinarily a structural error and is not subject to harmless error review. *See Sullivan v. Louisiana*, 508 U.S.

275, 281–82, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993); *Harris v. State,* 406 Md. 115, 130, 956 A.2d 204, 213 (2008). A structural error is one that "amounted to 'structural defects' in the trial itself.' " *Redman v. State,* 363 Md. 298, 304 n. 5, 768 A.2d 656, 659 n. 5 (2001) (citing *Arizona v. Fulminante,* 499 U.S. 279, 307–08, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)). Clearly, the violation here of Rule 4–246 was error, though not structural. Thus, we must determine whether Petitioner was prejudiced by the tardy waiver. If not, then the error was harmless and she is not entitled to a new trial. In *Valiton,* the intermediate appellate court stated that it did "not see how the failure to tell appellant that the court did not comply with the timing of Rule 4–246 affects [a knowing and voluntary waiver], which are at the heart of the rule." 119 Md.App. at 150, 704 A.2d at 483. Here, because Petitioner waived voluntarily and knowingly her right to trial by jury on the record, albeit mid-trial, we similarly do not see how the late waiver, when it was otherwise voluntary and knowing, was prejudicial to Petitioner. If anything, she received the benefit of hearing the State's case-in-chief before deciding whether to waive a jury trial and putting on her defense to the court alone. Thus, we conclude that the late waiver was harmless error.

Petitioner marshals several cases from our sister States to support her argument that the trial court's failure to conduct a timely waiver was not harmless error. Her reliance on these cases is misplaced. In *Commonwealth v. Pavao,* 423 Mass. 798, 672 N.E.2d 531 (1996), the Supreme Judicial Court of Massachusetts considered a case with similar, but not identical, facts. In *Pavao,* the trial judge failed to conduct a colloquy with the defendant before accepting a waiver of his right to trial by jury tendered by his counsel. *Id.* at 532. Defense counsel did not voice any objection or bring this oversight to the trial court's attention. *Id.* The trial court realized the error after trial and held a hearing, but found no basis for questioning the defendant as to the waiver. *Id.* The court declined to make any further findings at that time, except to note that the defendant was well represented by counsel, that the defendant consulted frequently with de-

fense counsel during trial, that the result of the trial was "fairly clear" given the weight of the evidence and defense counsel's concession of guilt in closing arguments [regarding several of the charges], and that "it seems incredible to suggest that [the defendant's] waiver was not knowing and voluntary, which, of course, is the purpose of the colloquy." *Id.* at 533. The Supreme Judicial Court held that "[a] post-conviction colloquy would be ineffective to remedy the omission of the colloquy at the time of waiver." *Id.* at 535. The court opined that, "[e]xactly the kind of doubts our rule is intended to avoid would arise, were we to rely on what a defendant says after a conviction to establish what he knew and intended at the earlier moment when he waived his rights." *Id.* Therefore, the court concluded that a complete failure to conduct a waiver colloquy is not subject to harmless error. *Id.* "To allow harmless error analysis of this sort is inconsistent with the right to a jury trial altogether. Surely if a defendant had asked for a jury trial and it had been denied him, a conviction could not be saved by this analysis." *Id.*

*Pavao* is distinguished readily from the present case because the *Pavao* trial court failed to conduct a relevant colloquy at any point during trial. Here, the trial court conducted an adequate, although late, colloquy in which Petitioner stated expressly that she wished to waive her right to a jury trial. Petitioner was not denied her right to a trial by jury. When the State brought the error to the court's and Petitioner's attention, Boulden could have asked for a mistrial at that point, if the failure to request a jury trial was inadvertent and she truly wished to exercise her right to a jury trial. Instead, she waived voluntarily and knowingly her constitutional right to trial by jury and continue the bench trial.

Boulden also relies upon *People v. Cook*, 285 Mich.App. 420, 776 N.W.2d 164 (2009), to convince us not to apply a harmless error analysis. In *Cook*, before opening statements at trial, the court stated that the defendant had agreed to waive his right to a jury trial by signing a written waiver. 285 Mich. App. at 421, 776 N.W.2d at 165. After the court mentioned the written waiver, the defendant stated, "Your Honor, I did

not sign this waiver." *Id.* In fact, his attorney signed the waiver. *Id.* at 422, 776 N.W.2d at 165. Defense counsel then asserted that the defendant agreed to a court trial during a pretrial conference. *Id.* After defense counsel made that statement, the defendant stated "no." *Id.* The record did not contain a transcript of the pretrial conference where the defendant allegedly waived the right. *Id.* The trial court proceeded, nevertheless, with a bench trial. *Id.* The Michigan intermediate appellate court held that the trial court complied with the Michigan Court Rules, which require the court to "ascertain ... that the defendant understands the right to and that the defendant voluntarily chooses to give up that right and to be tried by the court." Mich. Ct. R. 6.402(B); *see* 285 Mich.App. at 423, 776 N.W.2d at 166. Therefore, the court held that his waiver was not voluntary. *Id.* at 424, 776 N.W.2d at 167. The violation was not subject to harmless error because it constituted more than a mere failure to conform to the procedural requirements. *Id.* at 427, 776 N.W.2d at 168. The court determined that the failure to place on the record the defendant's jury trial waiver was a violation of his Sixth Amendment right to a jury trial. *Id.* at 426–27, 776 N.W.2d at 168,. "If we were to conclude that this error was harmless, we would have to speculate about whether a hypothetical jury would also have found defendant guilty." *Id.* at 427, 776 N.W.2d at 168. Therefore, the court reversed the conviction and remanded the matter for a new trial. *Id.*

*Cook* also is distinguished easily from the present case. In *Cook,* a jury trial waiver never was placed on the record. Here, Boulden waived her right to a jury trial in open court during her trial. The facts of the present case are more analogous to a case that the Michigan Court of Appeals distinguished in *Cook, People v. Mosly,* 259 Mich.App. 90, 672 N.W.2d 897 (2003). In *Mosly,* the appellate court determined that the trial court's failure to conduct an oral waiver colloquy on the record did not require reversal because "the record establish[ed] that defendant nonetheless understood that he had a right to a trial by jury and voluntarily chose to waive that right." *Id.* at 901. The "defendant executed a written

waiver form wherein he acknowledged having been advised of his constitutional right to a jury trial and that he was voluntarily waiving it." *Id.* He contended that he could not read the form, but testified at a federal habeas corpus proceeding that from his research in the prison library that he knew he had a right to a jury trial. *Id.* Therefore, the court determined that the record established that the defendant knew he had a right to a jury trial, thus satisfying the "knowing" requirement of the rule. *Id.* The court determined that he waived voluntarily the right because he did not voice an objection when the court trial began. *Id.* at 902. *See also People v. Tooles,* 177 Ill.2d 462, 227 Ill.Dec. 125, 687 N.E.2d 48, 53 (1997) (holding that "the failure to procure defendants' written jury waivers does not necessitate reversal of their convictions because the record otherwise evidences that defendants' jury waivers were understandingly made."); *Jackson v. State,* 76 S.W.3d 798, 803 (Tex.App.2002) (finding harmless error where defense counsel failed to file written jury trial waiver as required by statute but the record reflected that she was aware of her right to jury trial prior to commencement of trial); *Loveless v. State,* 21 S.W.3d 582, 585 (Tex.App.2000) (holding that a failure to comply strictly with the jury trial waiver rule was harmless error because "the trial court clearly instructed and questioned [the defendant] allowing him to contemplate the full impact a jury trial waiver could have on his rights."); *State v. Redden,* 199 W.Va. 660, 487 S.E.2d 318, 327 (1997) (holding that "when a criminal defendant's jury trial waiver is personal, knowing, intelligent, and voluntary as reflected in an on-the-record statement in open court, the failure to obtain a written waiver signed by the defendant does not in itself make the jury trial waiver invalid, despite the technical 'writing' requirement of Rule 23(a) of the West Virginia Rules of Criminal Procedure"). *Cf. People v. Evans,* 243 Ill.App.3d 72, 183 Ill.Dec. 615, 611 N.E.2d 1263, 1266–67 (1993) (invoking plain error where defendant did not file written waiver because there was no indication on record that defendant waived his right to trial by jury); *State v. Coita,* 153 Vt. 18, 568 A.2d 424, 425 (1989) (holding that the failure of the

trial court to affirmatively indicate on the written jury trial waiver that the defendant waived the right to trial by jury was reversible error).

The Ninth Circuit Court of Appeals has held that a mere failure to comply strictly with federal Rule 23(a) does not warrant automatic reversal where that failure does not violate the Constitution. In *United States v. Bishop*, 291 F.3d 1100 (9th Cir.2002), the appellant argued that there was a defect in the trial court's waiver colloquy.[8] The court acknowledged that "adherence to the dictates of Rule 23(a) creates the presumption that the waiver was voluntary, knowing, and intelligent" and there was no evidence in the record that "Bishop suffered from 'a special disadvantage or disability bearing upon [his] understanding of the jury waiver.'" *Id.* at 1113–14 (quoting *United States v. Duarte–Higareda*, 113 F.3d 1000, 1003 (9th Cir.1997)). Therefore, the court held that he was not entitled to a new trial on the basis of an invalid jury trial waiver. *Id.* at 1114. *See also Pool v. United States*, 344 F.2d 943, 944 (9th Cir.1965), where the court held that although the written waiver was not in the form prescribed by rule, it was nonetheless valid. The court explained that "[i]n protecting any defendant's constitutional rights we do, and should, look beyond form to substance." *Id.* at 944–45.

■ We disagree with Boulden's further contention that the trial court's failure to inform her that, if she did not waive her right to jury trial, the court would have to declare a mistrial. As we noted earlier, there is no fixed colloquy or litany that the trial court must recite in order to elicit a valid waiver. *Abeokuto*, 391 Md. at 317–18, 893 A.2d at 1034; *Martinez*, 309 Md. at 134, 522 A.2d at 955. Where, under the facts and circumstances of this case, it is clear that otherwise the waiver was made knowingly and voluntarily, we hold that it is a valid waiver, even if conducted mid-trial. The fact that the trial court did not mention that a mistrial would occur if

---

**8.** The opinion does not indicate the alleged shortcoming in the colloquy.

she chose to exercise her right to a jury trial does not undermine our confidence in this conclusion.

 We note that harmless error is in play where it may be surmised reasonably from the record that the failure to complain of the error in the trial court could have been the result of a strategic or tactical choice. We decline to review the claimed error under a "plain error" analysis. "Such review is reserved for those errors that are 'compelling, extraordinary, exceptional or fundamental to assure the defendant of [a] fair trial.'" *Robinson*, 410 Md. at 111, 976 A.2d at 1084 (quoting *Rubin v. State*, 325 Md. 552, 588, 602 A.2d 677, 694 (1992)). We explained further in *Robinson* that

> [w]e will intervene in those circumstances only when the error complained of was so material to the rights of the accused as to amount to the kind of prejudice which precluded an impartial trial. In that regard, we review the materiality of the error in the context in which it arose, giving due regard to whether the error was purely technical, the product of conscious design or trial tactics or the result of bald inattention.

*Id.* (internal citation and quotation marks omitted). As we noted *supra*, there are many instances where a defendant would prefer to be tried by the court rather than a jury. Here, where one of the charged counts was child abuse, it arguably makes sense that Petitioner would prefer a court trial.

Here, it is clear that Boulden's waiver was voluntary and knowing. Unlike the waiver in *Martinez* where the defendant answered affirmatively when asked whether anyone threatened him or promised him anything in exchange for his waiver, Petitioner stated unambiguously in open court that she understood the right and that she wished to waive it. Moreover, it is not unreasonable to surmise that the failure to object was a matter of strategic choice. Thus, harmless error analysis is applicable and we conclude that the late waiver did not prejudice Boulden.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS
AFFIRMED; COSTS TO BE PAID BY PETITIONER.**

BELL, C.J., dissents and files opinion in which GREENE,
J., joins.

Dissenting Opinion by BELL, Chief Judge, which
GREENE, J. joins.

## I.

Maryland Rule 4–246[1] sets out the requirements that must
be met in order for a defendant to forego, i.e., waive, his or
her constitutional right to a jury trial. It provides, in relevant
part:

"(a) *Generally.* In the circuit court a defendant having a
right to trial by jury shall be tried by a jury unless the right
is waived pursuant to section (b) of this Rule. If the waiver
is accepted by the court, the State may not elect a trial by
jury.

"(b) *Procedure for acceptance of waiver.* A defendant may
waive the right to a trial by jury at any time before the
commencement of trial. The court may not accept the
waiver until it determines, after an examination of the
defendant on the record in open court conducted by the
court, the State's Attorney, the attorney for the defendant,
or any combination thereof, that the waiver is made know-
ingly and voluntarily."

The question presented in this case is whether a defendant,
who, without objecting, waives her right to jury trial after the
trial has commenced, indeed after the State has rested, also
waives her right thereafter to challenge the validity of the
waiver of jury trial. The majority's answer is, "yes": "[the
petitioner] waived her right to complain about the timing and

---

1. Maryland Rule 4–246 was amended subsequent to Petitioner's trial.
And so this dissent will cite to the version which was in effect at the
time of Petitioner's trial.

effectiveness of the jury trial waiver colloquy." *Boulden v. State,* 414 Md. 284, 296–97, 995 A.2d 268, 275 (2010).

I disagree. As we have seen, Rule 4–246(b) permits a waiver of jury trial "at any time before the commencement of trial," and conditions the court's acceptance of the waiver on an examination of the defendant sufficient to support a finding that the waiver is made freely and voluntarily. Thus, the Rule contemplates, because it requires, that both the waiver and the justifying examination be completed prior to the commencement of the trial. If that Rule is to have meaning as something more than a guide, a suggestion, as to the proper and best practice, as, in fact, one of the "precise rubrics," *Isen v. Phoenix Assurance Co.,* 259 Md. 564, 570, 270 A.2d 476, 479 (1970), " 'established to promote the orderly and efficient administration of justice and [which] are to be read and followed,' " *id.,* (citing *Brown v. Fraley,* 222 Md. 480, 483, 161 A.2d 128, 130 (1960)), as we have often characterized our Rules, *see e.g., Broadwater v. State,* 401 Md. 175, 182, 931 A.2d 1098, 1102 (2007), *King v. State,* 400 Md. 419, 445, n. 10, 929 A.2d 169, 184, n. 10 (2007), *In re Kaela C.,* 394 Md. 432, 471, 906 A.2d 915, 938 (2006); *GMC v. Seay,* 388 Md. 341, 344, 879 A.2d 1049, 1051 (2005), *Johnson v. State,* 355 Md. 420, 446, 735 A.2d 1003, 1017 (1999); *Goins v. State,* 293 Md. 97, 109, 442 A.2d 550, 556 (1982), then we must construe it strictly, notwithstanding that so doing requires reversal of the defendant's convictions and a new trial, and hold that Rule 4–246 "means what it says." *Countess v. State,* 286 Md. 444, 463, 408 A.2d 1302, 1311 (1979). This is particularly the case, when, as here, the examination for voluntariness was conducted as if the waiver were being made pre-trial; there was absolutely no reference to the fact that Rule 4–246 had been violated or the consequences of that violation, that the defendant could have, on that account, started afresh.

The facts of this case are as follows. On July 5, 2006, a bench trial commenced. The criminal defendant, the petitioner, Sheila Boulden, however, had not waived her right to a jury trial:

"[THE STATE]: ... Your Honor, this is State versus Sheila Boulden....

"THE COURT: Okay. Is the State ready to proceed?

"[THE STATE]: State's ready, Your Honor.

"THE COURT: Mr. Davis, are we going forward with a court trial?

"[DEFENSE COUNSEL]: Yes, sir. We are."

The following day, at the conclusion of the State's case-in-chief, the State brought the issue of the defendant's failure to waive a jury trial to the trial judge's attention. In an attempt to correct this error, the following colloquy between the trial judge and Boulden took place:

"THE COURT: Are we ready to continue?

"[DEFENSE COUNSEL]: Yes, Your Honor. I believe so. I think the State rested on—

"THE COURT: The State rested as we adjourned yesterday.

"[THE STATE]: Before we get to motions, Your Honor, it struck me last night that I don't believe we put the defendant's waiver of jury trial on the record yesterday.

"THE COURT: I think you're absolutely right. Now that you mention it, I had assumed that that was already done since we were proceeding by court trial. If it has not already been done, we need to do that.

"[DEFENSE COUNSEL]: That's correct, Your Honor.

"THE COURT: Okay. Ms. Boulden, would you stand, please? I have to explain something to you. Ms. Boulden, you have a constitutional right to a jury trial in this case because of the nature of the charges against you. A jury is twelve citizens chosen through a process in which you and your lawyer have the right to participate actively. That is, you and your lawyer participate in the selection of twelve citizens. They are chosen, again, with the participation of you and your lawyer from a larger group, sometimes called an array or panel. The larger group from which those twelve are chosen at random are from the voter registration

list and the motor vehicle records of Cecil County. Because they are chosen at random, those groups, the array, will over time include all of the different kinds of people who live in Cecil County.

"In a jury trial the State has the burden of proving its case beyond a reasonable doubt, just as in a court trial. In a jury trial they have to prove the case to the jury. That is, the twelve citizens have to be convinced beyond a reasonable doubt and they have to be convinced unanimously. That means all twelve of them must vote guilty in order for you to be found guilty. If any one of them refuses to vote guilty, then you cannot be convicted in a jury trial. Do you understand what a jury is?

"THE DEFENDANT: Yes.

"THE COURT: Do you understand what a jury trial is?

"THE DEFENDANT: Yes.

"THE COURT: Do you understand that you have a constitutional right to a jury trial?

"THE DEFENDANT: Yes.

"THE COURT: Do you wish to waive your constitutional right to a jury trial and proceed in a court trial?

"THE DEFENDANT: Yes.

"THE COURT: Okay. Do you have any questions about the rights that I've explained to you, the right to a jury trial.

"THE DEFENDANT: No.

"THE COURT: Has anybody threatened you in any way or made you afraid to get you to waive your right to a jury trial?

"THE DEFENDANT: No.

"THE COURT: You're doing this voluntarily, freely, of your own will?

"THE DEFENDANT: Yes.

"THE COURT: All right. Then I'm satisfied that the defendant has waived her right to a jury trial."

Significantly, the trial court did not advise Boulden that the failure to conduct a waiver examination before commencing the trial was a procedural default, a consequence of which could have been the aborting of the trial. To be sure, that the examination was not done was brought to the court's attention in the presence of the petitioner and her counsel and, therefore, it must be conceded that she knew that it had not been done when required. It cannot be said, however, that she was aware of its significance. The State matter-of-factly brought it to the court's attention and the court and the petitioner's counsel, equally matter-of-factly, treated it as a mere oversight, as if it was not a big deal.

Neither Boulden nor, not surprisingly, her counsel objected to proceeding by way of a non-jury trial. After she was convicted of child abuse and assault in the second degree, she appealed, raising the waiver issue for the first time. The Court of Special Appeals, in an unreported opinion, affirmed the trial's court holding that Boulden "waived her right to complain," explaining:

"[Boulden] never voiced any complaint regarding the delayed waiver inquiry to the trial court. When the State informed the court after the conclusion of the State's case that no waiver inquiry had occurred, defense counsel did not object. The record is devoid of any suggestion of the slightest coercion or pressure upon [Boulden] or her counsel to avoid 'rocking the boat' at that time."

## II.

When a defendant has failed to object below, the issue may still be reviewable "under the plain error doctrine, or alternatively, . . . as a violation of the fundamental right of a criminal defendant . . . secured by Article [5] of the Maryland Declaration of Rights." *Rice v. State,* 124 Md.App. 218, 222, 720 A.2d 1287, 1289–90 (1998) (footnote omitted).

"Plain error is 'error which vitally affects a defendant's right to a fair and impartial trial.' *State v. Daughton,* 321 Md. 206, 211, 582 A.2d 521, 523 (1990), citing *State v.*

*Hutchinson*, 287 Md. 198, 202, 411 A.2d 1035, 1037–38 (1980). We have recognized the boundaries of that error to which we apply our review as that which is 'compelling, extraordinary, exceptional or fundamental to assure the defendant a fair trial.' *Abeokuto v. State*, 391 Md. 289, 327, 893 A.2d 1018, 1040 (2006), quoting *Richmond v. State*, 330 Md. 223, 236, 623 A.2d 630, 636 (1993) (citations omitted). *See also Rubin v. State*, 325 Md. 552, 588, 602 A.2d 677, 694 (1992); *Hutchinson*, 287 Md. at 203, 411 A.2d at 1038. We will 'intervene in those circumstances only when the error complained of was so material to the rights of the accused as to amount to the kind of prejudice which precluded an impartial trial.' *Trimble v. State*, 300 Md. 387, 397, 478 A.2d 1143, 1148 (1984), *cert. denied*, 469 U.S. 1230, 105 S.Ct. 1231, 84 L.Ed.2d 368 (1985). In each case, we will 'review the materiality of the error in the context in which it arose, giving due regard to whether the error was purely technical, the product of conscious design or trial tactics or the result of bald inattention.' *Hutchinson*, 287 Md. at 203, 411 A.2d [at] 1038."

*Diggs v. State*, 409 Md. 260, 286–87, 973 A.2d 796, 811 (2009). Article 5 of this State's Declaration of Rights and the Sixth Amendment of the United States Constitution guarantee the right of an accused to a jury trial:

"A defendant may elect to waive his or her right to a trial by jury and instead be tried by the court. The right to trial by jury is guaranteed by the Sixth Amendment to the United States Constitution and by Articles 5 (entitled to trial by jury), 21 (in all criminal prosecutions, every man has a right to trial by an impartial jury and may only be found guilty by unanimous consent of the jury), and 24 (due process) of the Maryland Declaration of Rights. To waive properly the constitutionally protected right to trial by jury, the defendant must elect to do so by a knowing and voluntary waiver election. *Smith v. State*, 375 Md. 365, 377–80, 825 A.2d 1055, 1063 (2003)."

*Abeokuto v. State*, 391 Md. 289, 316, 893 A.2d 1018, 1033–34 (2006)(footnote omitted); *see also Martinez v. State*, 309 Md.

124, 133, 522 A.2d 950, 954 (1987) ("The election to waive a jury trial may be made at any time before commencement of the trial.").

The majority concludes that this Court cannot inquire into the instant matter because the issue was not preserved, *Boulden*, 414 Md. at 304–05, 995 A.2d at 280, but then conducts a harmless error analysis, holding that "[w]here, under the facts and circumstances of this case, it is clear that otherwise the waiver was made knowingly and voluntarily, . . . it is a valid waiver, even if conducted mid-trial." *Id.* at 312, 995 A.2d at 285. To justify that conclusion, it characterizes the Rule violation in this case as a purely procedural violation, rather than a constitutional one. *Id.* at 305, 995 A.2d at 280. Rejecting, on that basis, the applicability of *Martinez v. State, supra; Mitchell v. State,* 337 Md. 509, 654 A.2d 1309 (1995), and *United States v. Saadya,* 750 F.2d 1419 (9th Cir.1985), on which Boulden relies, 414 Md. at 299–300, 995 A.2d at 277, it states:

> "[This case] is distinguish[able] from *Martinez* because the post-trial inquiry process proposed in *Martinez* implicated the voluntariness of the defendant's waiver, not simply a technical rule violation. In other words, the waiver in the present case violated the rule of procedure, but the waiver in *Martinez* violated the defendant's core constitutional right to a jury trial. There is no indication in this record that Boulden's [jury] trial waiver was anything but knowing and voluntary."

*Id.* at 305, 995 A.2d at 280. I do not agree. Indeed, I believe that the majority's reasoning exalts form over substance and, in any event, the inquiry conducted into voluntariness was deficient.

The majority is correct, of course, the "ultimate inquiry regarding the validity of a waiver is whether 'there has been an intentional relinquishment or abandonment of a known right or privilege.' " *Id.* at 295, 995 A.2d at 274 (citing *Powell v. State,* 394 Md. 632, 639, 907 A.2d 242, 246 (2006)). Rule 4–246 prescribes how this determination will be made and, as

important, when it is to be made. The latter, the timing of the determination, as the Rule expressly provides, occupies equal status in the Rule as does the examination on which the determination depends. Thus, the timing also must be considered when making the determination whether, indeed, "there has been an intentional relinquishment." Consequently, the timing of the determination is not purely technical; instead, it goes to the very heart of the fundamental right to a jury trial. Contrary to what the majority concludes, I believe that *Martinez, Mitchell,* and *Saadya,* are very much on point. Indeed, what the court in *Saadya* said on a related point has applicability here:

"While a constitutional guarantee may ordinarily be waived, to argue as the government does here that a 'failure to waive constitutes a technicality' is to denigrate the very existence of the constitutional right at issue. If the failure to waive is only a technicality, the constitutional right can be denied without the defendant's consent. In such case, the right no longer has any meaning."

*Saadya,* 750 F.2d at 1420–21. The failure timely to waive, when required by Rule, is no less substantive.

In *Saadya,* the court considered the requirements of Rule 23(a) of the Federal Rules of Criminal Procedure with regard to the conditions that must be met in order for a defendant to waive his right to a trial by jury. It provided that "[c]ases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government." 750 F.2d at 1420. The federal rule expressly prescribed the prerequisites for a defendant to waive his or her right to a jury trial: (1) the defendant's waiver must be in writing;[2] (2) the court must

---

2. Some federal courts have held that there is an exception to the writing requirement of Rule 23(a), "where the record clearly reflects 'that the defendant "personally gave express consent in open court, intelligently and knowingly."' *See United States v. Reyes,* 603 F.2d 69, 71 (9th Cir.1979) (quoting *United States v. Guerrero–Peralta,* 446 F.2d 876, 877 (9th Cir.1971)) (both cases addressing the requirements of Rule 23(b) under which a defendant may proceed with a jury of less

approve the waiver; and (3) the government must consent to the waiver. *Id.* In *Saadya*, the record contained neither an oral nor written waiver of jury trial by the defendants, *id.*, and there was no "approval of any waiver by the district judge." *Id.* at 1421. Although the rule did not expressly so provide, the United States Court of Appeals for the Ninth Circuit held that "[a] defendant's waiver of his right to jury trial must appear on the record prior to the time the trial commences. The absence of a waiver on the record of the right to trial by jury cannot be remedied by subsequent proceedings on remand." *Id.* at 1422 (footnote omitted).

The court concluded that requiring a defendant, in a criminal case, to waive his right to a jury trial before trial commences serves a vital purpose. 750 F.2d at 1422. It explained:

"In [*United States v.*] *Reyes*, [603 F.2d 69 (9th Cir.1979)] we said that a post-trial waiver was not sufficiently reliable and might be based on 'subtle coercion [that] is difficult to detect in the appellate record.' We also said that it was necessary for the waiver to occur on the record at the time the right was surrendered for two related reasons: one, so that the defendant would understand that his waiver was 'an important step in the trial,' and, two, so that the judge might question the defendant and evaluate his responses at the time the decision was made."

750 F.2d at 1422 n. 2. (citations omitted).

*Martinez* dealt with whether the defendant's waiver of jury trial was voluntary.[3] Martinez argued successfully to this

---

than twelve.').'' *United States v. Saadya*, 750 F.2d 1419, 1420 (1985). This Court has not, before today, recognized any exception to Rule 4–246.

**3.** During the hearing the following colloquy between the court and Martinez took place:

"THE COURT: Has any person, either inside or outside of this courthouse, made you any promise, or has anyone threatened you in any way in order to have you give up your right to a jury trial? "MR. MARTINEZ: Yes."

Court that his waiver was not voluntary. 309 Md. at 134, 522 A.2d at 955. In concluding that the examination of the defendant did not support the trial court's ruling that Martinez "voluntarily waived his right to a jury trial," we explained that while, "[i]n determining whether the defendant has knowingly and voluntarily waived his right to a jury trial, the questioner need not recite any fixed incantation[, w]hether there is an intelligent, competent waiver must depend on the unique facts and circumstances of each case." *Id.*

Our decision in *Parren v. State*, discussing waiver of counsel, also is instructive:

" 'The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused-whose life or liberty is at stake-is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.' [ ] To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, *and all other facts essential to a broad understanding of the whole matter.* A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." (emphasis added).

---

*Martinez v. State*, 309 Md. 124, 135, 522 A.2d 950, 955.

309 Md. 260, 272–73, 523 A.2d 597, 603 (1987) (quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723–24, 68 S.Ct. 316, 323, 92 L.Ed. 309, 320–21) (plurality opinion) quoting *Johnson v. Zerbst*, 304 U.S. 458, 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1467 (1938); *Glasser v. United States*, 315 U.S. 60, 70, 62 S.Ct. 457, 465, 86 L.Ed. 680, 699 (1942) and *citing Adams v. United States ex rel. McCann*, 317 U.S. 269, 270, 63 S.Ct. 236, 237, 87 L.Ed. 268, 270 (1942); *see also Leonard v. State*, 302 Md. 111, 120, 486 A.2d 163, 167 (1985).

The trial judge's inquiry, in the instant case, does not deal with the context in which it occurred. "Although the examiner may be the court, the prosecutor, and/or the defense counsel, it is the trial court that 'bears the ultimate responsibility for ensuring that the accused has tendered a valid waiver.'" *Abeokuto*, 391 Md. at 317, 893 A.2d at 1034 *quoting Martinez*, 309 Md. at 133, n. 9, 522 A.2d at 954, n. 9.

Rule 4–246 was amended in 2007, with the amendments taking effect in 2008. There were no substantive changes made, but the Committee did add a Committee Note which provided examples of inquires and questions that a judge may use to determine whether a criminal defendant's waiver is, indeed, voluntary and knowing:

"Although the law does not require the court to use a specific form of inquiry in determining whether a defendant's waiver of a jury trial is knowing and voluntary, the record must demonstrate an intentional relinquishment of a known right. What questions must be asked will depend upon the facts and circumstances of the particular case.

"In determining whether a waiver is *knowing*, the court should seek to ensure that the defendant understands that: (1) the defendant has the right to a trial by a jury; (2) unless the defendant waives a trial by jury, the case will be tried by a jury; (3) a jury consists of 12 individuals who reside in the county where the court is sitting, selected at random from a list that includes registered voters, licensed drivers, and holders of identification cards issued by the Motor Vehicle Administration, seated as jurors at the con-

clusion of a selection process in which the defendant, the defendant's attorney, and the State participate; (4) all 12 jurors must agree on whether the defendant is guilty or not guilty and may only convict upon proof beyond a reasonable doubt; (5) if the jury is unable to reach a unanimous decision, a mistrial will be declared and the State will then have the option of retrying the defendant; and (6) if the defendant waives a jury trial, the court will not permit the defendant to change the election unless the court finds good cause to permit the change.

"In determining whether a waiver is voluntary, the court should consider the defendant's responses to questions such as: (1) Are you making this decision of your own free will?; (2) Has anyone offered or promised you anything in exchange for giving up your right to a jury trial; (3) Has anyone threatened or coerced you in any way regarding your decision?; and (4) Are you presently under the influence of any medications, drugs, or alcohol?."

These questions are largely derived from cases in which this Court has addressed the kinds of inquiries it has deemed to be appropriate and required under Rule 4–246. *See e.g., Martinez,* 309 Md. at 133, 522 A.2d at 955 (quoting *Johnson,* 304 U.S. at 464, 58 S.Ct. at 1023, 82 L.Ed. at 1466) ("the trial judge must be satisfied that there has been 'an intentional relinquishment or abandonment of a known right or privilege.' "); *Martinez,* 309 Md. at 134, 522 A.2d at 955 ("court must be concerned that the waiver is not a product of duress or coercion"); *Dortch v. State,* 290 Md. 229, 232, 428 A.2d 1220, 1223 (1981) (the criminal defendant's " 'guilt must be found to be beyond a reasonable doubt.' "); *Countess,* 286 Md. at 455, 408 A.2d at 1308 (the criminal defendant must be informed that she "has the right to be tried by a jury of 12 persons or by the court without a jury . . . ."). The list is, however, by no means exhaustive and the proper inquiry is dependent upon the "unique facts and circumstances of each case." *Martinez,* 309 Md. at 133, 522 A.2d at 955. The questions hypothesized in the Committee Note relate to, and apply, when the waiver examination is conducted prior to the

start of trial. That is significant, as "[w]hat questions must be asked … depend upon the facts and circumstances of the particular case." Where one of the circumstances is, as is the case *sub judice,* that trial has already begun, something more than a generic or standard litany, as suggested by the Committee Note, must be required. The questions that are routinely asked by a trial judge prior to the start of a criminal trial should not be the same questions asked once trial has begun and is half complete. A defendant who does not know that the fact that the trial has commenced is relevant to determining her options cannot be said to have freely and voluntarily waived a known right, because she will not have known, and could not have known, so far as the record reveals, the full nature and extent of the default on the right. For example, had she known that the defect in procedure rendered what was done to date voidable, it could have aborted the trial, she could have conditioned her waiver of jury trial on starting anew. Boulden was never informed that, although mid-trial, she would be entitled to a new trial because the trial judge failed to conduct a waiver inquiry prior to commencement of trial.

The cases on which the majority relies, *Robinson v. State,* 410 Md. 91, 976 A.2d 1072 (2009) and *Taylor v. State,* 381 Md. 602, 851 A.2d 551 (2004), are inapposite. Neither addressed the timing issue that is at issue in this case. In *Robinson,* in fact, the Court distinguished between those fundamental rights that are "absolute" and cannot be waived unknowingly or unintelligently and those that can. 410 Md. at 102, 976 A.2d at 1079. In holding that the "claimed violation of the right to a public trial must be preserved for appellate review by a timely objection at trial," 410 Md. at 110, 976 A.2d at 1083, we explained:

"The right to a public trial, though 'fundamental,' is not within the 'narrow band of rights that courts have traditionally required an individual knowingly and intelligently [to] relinquish or abandon in order to waive the right or claim.' *Hunt v. State,* 345 Md. 122, 138, 691 A.2d 1255, 1262 (1997). Unlike, say, the rights to a jury trial, to counsel, and to

require the State to prove its case, which are absolute and can only be foregone by the defendant's affirmative 'intelligent and knowing' waiver, the right to a public trial is subject to the balance of competing concerns."

410 Md. at 107–08, 976 A.2d at 1082 (footnote omitted). Thus, we affirmed that jury trial can only be waived if done voluntarily and knowingly.

As to *Taylor*, we held "that petitioner failed to preserve the double jeopardy issue for review because no objections or motion to dismiss based on double jeopardy were raised in the trial court in this case (or in the original case). The double jeopardy [defense] was first presented on appellate review." 381 Md. at 604, 851 A.2d at 552. The test for waiver is not the same for double jeopardy and jury trial. Unlike a right to jury trial, the defense of double jeopardy is required to be raised by the defense; only if timely raised will the court conduct an inquiry to determine its viability. On the other hand, in the case of jury trial waiver, the onus is on the trial court to ensure that the defendant has elected a court or jury trial and, if the former, whether he or she has done so voluntarily and knowingly. *See* Md. Rule 4–246.

### III.

It is the trial judge's burden to ensure that, when appropriate, there is in the record a waiver pursuant to, and in compliance with, Rule 4–246. The majority, by its holding that "Boulden waived her right to complain about the timing and effectiveness of the jury trial waiver colloquy," *Boulden*, 414 Md. at 296–97, 995 A.2d at 275, overlooks, if not disregards, this duty of the trial judge. The Court reasons:

"We determine ... that Boulden waived her right to complain about the tardy jury trial waiver colloquy. At the beginning of the trial, Petitioner did not object when asked by the trial judge 'are we going forward with a court trial?' Instead, defense counsel answered affirmatively. Moreover, defense counsel could have objected to the failure to place on the record Boulden's waiver of her right to a trial by jury

when the State brought the error to everyone's attention at the close of the State's case-in-chief and before the defense was to put on its case. The defense could have moved for a mistrial.... [A]pproximately two months passed after the conclusion of Boulden's trial until the hearing on her motion for new trial and sentencing. She filed a motion for a new trial and an amendment to that motion one month after trial ended, in neither of which was the timing of the jury trial waiver raised. Petitioner, who was represented by counsel throughout the trial and post-verdict proceedings, had ample opportunity to object to the tardy jury trial waiver."
*Id.* at 304–05, 995 A.2d at 280.

Rule 4–246, I repeat, places the onus on the trial judge to determine whether the right to a jury trial has been knowingly and voluntarily waived.[4] The major actor, in that regard, is the trial judge and not the criminal defendant. The defendant is the recipient of the benefit that the Rule is intended to confer. There is no burden on the defendant in that regard. To require a defendant to assert an objection to the trial judge's default or inaction is impermissibly to shift the burden from the trial judge to the defendant. As the New Jersey Supreme Court explained, "[t]he obligation of the judge ... is not satisfied by lip service. He is not at liberty to shift to the shoulders of the jury his own responsibility. Such action undermines the integrity of the administration of justice."

---

4. It is important to note that we have recognized a number of responsibilities given to a trial judge that can never be shifted. *See White v. State*, 374 Md. 232, 242, 821 A.2d 459, 464 (2003) ("It is the responsibility of the trial judge, not the juror, to make the final determination as to whether the juror can be impartial."); *Tharp v. State*, 362 Md. 77, 101, 763 A.2d 151, 163 (2000) ("[I]n those situations when a trial judge reasonably should recognize that an apparent or obvious misuse of sequestration may be afoot, the judge has the right and responsibility, *even absent an objection by a party*, to inquire and make any required findings or take action as may be appropriate to the circumstances.") (emphasis added); *State v. Brown*, 342 Md. 404, 431, 676 A.2d 513, 526 (1996) ("The onus ... [was] not on Respondent to interrupt a discussion between the court and his attorney to offer an explanation, but rather the responsibility is on the trial judge to ensure that the reason for requesting dismissal of counsel is explained.").

*New Jersey v. Driver,* 38 N.J. 255, 183 A.2d 655, 669 (1962). The same reasoning applies when the attempt is to shift the burden to a criminal defendant.

To permit the trial judge "to shift . . . his own responsibility," *id.,* onto Boulden would undermine the very purpose of Rule 4-246. We should encourage, if not insist, that trial judges know and follow the Rules promulgated by this Court to ensure the efficient and orderly processing of cases. We should be vigilant to see that they follow through on their assigned responsibility to ensure the integrity of the administration of justice. The trial judge is the responsible person under our Rules for the conduct of trials and for ensuring their integrity. Pursuant to Rule 4-246, the trial judge is responsible to see that a defendant's election of mode of trial is timely and, when it is a court trial, to ensure that the qualifying examination of the defendant also is timely and sufficient to assess the voluntariness of that election. The trial court abdicated that responsibility in this case. Rather than address that abdication, we insist on accusing the defendant, for whose benefit we promulgated the Rules. The result is to give the trial court no incentive to "get it right." The message we send to trial judges is, "don't worry, the Rule really does not mean what it says and it will not be strictly enforced. If the defendant does not object to your having failed to do what you were required by the Rule to do, he or she will have waived the violation." This message, sadly, in related contexts, has been and is being sent with increasing frequency. *See Walker v. State,* 406 Md. 369, 958 A.2d 915 (2008), *Broadwater v. State,* 401 Md. 175, 931 A.2d 1098 (2007), *Abeokuto v. State,* 391 Md. 289, 893 A.2d 1018 (2006). This is no way to run a justice system.

I dissent.

Judge GREENE joins in the views expressed in this dissenting opinion.