*Devon Edward Morgan v. State of Maryland*, Case No. 71, September Term, 2013, Opinion by Adkins, J.

**WAIVER OF RIGHT TO A JURY TRIAL — MARYLAND RULE 4-246(b) — DETERMINATION AND ANNOUNCEMENT REQUIREMENT:** The Circuit Court for Worcester County did not err when it accepted Petitioner's waiver of his right to a jury trial before announcing that it determined the waiver to be knowing and voluntary. An announcement that the waiver is knowing and voluntary need not follow immediately after the waiver colloquy.

Circuit Court for Worcester County
Case No. 23-K-11-000418
Argued: February 6, 2014

IN THE COURT OF APPEALS

OF MARYLAND

No. 71

September Term, 2013

DEVON EDWARD MORGAN

v.

STATE OF MARYLAND

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

Opinion by Adkins, J.
Watts, J., joins in judgment only.

Filed: April 23, 2014

In the short time since we last spoke on the matter of jury waivers, it has become clear that greater specificity is needed regarding how a court must determine and announce on the record that a waiver is knowing and voluntary. In this case, we address how soon after a waiver colloquy such an announcement must be made, and whether that announcement may be combined with an announcement regarding a related colloquy.

## FACTS AND LEGAL PROCEEDINGS

Petitioner, Devon Edward Morgan, was charged with two counts of possession of cocaine and two counts of distribution of cocaine, stemming from two separate incidents. On the day of trial, Petitioner first waived his right to a jury, thus electing to proceed with a bench trial. Then, defense counsel requested that the court "set this aside for a few moments" to see if Petitioner wished to accept a plea offer. A short while later,[1] Petitioner entered a not guilty statement of facts[2] as to one of the distribution charges. After a plea colloquy, the trial court found this plea to be "knowing and voluntary." The State then

---

[1] According to the transcript of the proceeding, the trial court referred to the period of time as "just a few minutes ago."

[2] The Court of Special Appeals has explained this peculiar method for resolving a criminal proceeding as follows:

> Under an agreed statement of facts both State and the defense agree as to the ultimate facts. Then the facts are not in dispute, and there can be, by definition, no factual conflict. The trier of fact is not called upon to determine the facts as the agreement is to the truth of the ultimate facts themselves. There is no fact-finding function left to perform. To render judgment, the court simply applies the law to the facts agreed upon.

*Barnes v. State*, 31 Md. App. 25, 35, 354 A.2d 499, 505 (1976).

recited the facts leading to Petitioner's arrest. The trial court found Petitioner guilty of distribution of cocaine. The trial court sentenced Petitioner to ten years' incarceration without the possibility of parole. The State then entered a nol pros as to the remaining counts.

Petitioner appealed to the Court of Special Appeals, contesting the validity of the court's acceptance of his jury trial waiver. The intermediate appellate court affirmed the trial court, holding that Petitioner had not preserved the question of the validity of the waiver of his right to a jury trial. In the alternative, the court held that the waiver colloquy was sufficient, even if it did not conform with the boilerplate language of such waivers. We granted Morgan's Petition for Certiorari.[3]

Morgan presents the following question for our review:

> Did the trial court err in accepting Petitioner's waiver of jury trial without finding and announcing on the record that the waiver was knowing and voluntary?

For the following reasons, and assuming the issue was preserved, we answer this question in the negative.

## DISCUSSION

After reciting the possible fines and incarceration for the offenses charged against

---

[3]On July 5, 2013, we granted Morgan's Petition for Certiorari and, in a per curiam order, reversed the Court of Special Appeals and ordered a new trial. Respondent moved for reconsideration. On August 15, 2013, in a *volte-face*, we granted that motion, and withdrew our reversal of the Court of Special Appeals.

Morgan, the Circuit Court for Worcester County engaged in the following colloquy with him:

> The Court: Do you understand what you are charged with?
>
> The Defendant: Yes, sir.
>
> The Court: Do you understand the penalties involved?
>
> The Defendant: Yes, sir.
>
> The Court: You do have the right to have a jury trial which will consist of 12 people who would hear the evidence in your case, and all 12 would have to agree that you are guilty beyond a reasonable doubt in order for you to be found guilty. Do you understand what a jury trial would consist of?
>
> The Defendant: Yes, sir.
>
> The Court: Do you want a jury trial?
>
> The Defendant: No, sir.
>
> The Court: Do you understand where you are and what you're doing this morning?
>
> The Defendant: Yes, sir.
>
> The Court: Are you under the influence of any drugs or alcohol today?
>
> The Defendant: No, sir.
>
> The Court: All right. I find that he has waived his right to a jury trial. The case will be set in as a bench trial tomorrow morning.
>
> Mr. Anderson [Defendant's Trial Counsel]: The State has offered to settle this case by way of a charge bargain, where if Mr. Morgan were to plead to one of the charges, the State would dismiss certain other charges in the indictment. I have discussed that with Mr. Morgan, and I have discussed it with my

3

colleague, the Assistant State's Attorney. Could we not set this aside for a few moments to see –

The Court: Sure, if he decides to proceed with a plea agreement, we'll take it today.

Mr. Anderson: Thank you.

(Recess in proceedings. Other cases called.)

[T]he Court: All right. Ms. Guyer.

Ms. Guyer [the State]: Your Honor, the State would call Devon Morgan, Case No. 23K–11–418. I believe I'm re-calling that case, Your Honor.

The Court: What are we doing now in Mr. Morgan's case?

Ms. Guyer: Your Honor, it's the State's understanding that Mr. Morgan is going to be proceeding by way of a not guilty statement of facts as to count number one, which is distribution of crack cocaine. Upon a finding of guilt in that count, the State is going to be entering a nol pros to the remaining counts per the agreement with defense counsel.

The Court: All right. Mr. Anderson.

Mr. Anderson: Okay. To count one of the indictment we plead not guilty, but we enter a, or we will agree to a statement of facts.

The Court: All right. Mr. Morgan, we have been through this, but just so we are clear, you understand that the State is proceeding with count number one, which alleges that on or about August the 11th, 2011, that you did distribute cocaine, which carries a maximum penalty of 20 years and $25,000. Do you understand that?

The Defendant: Yes, sir.

4

The Court: You just a few minutes ago waived your right to a jury trial, which you would be entitled to in this particular case. Now, the plea entered on your behalf by your attorney is what is known as a not guilty plea but agree to proceed on a statement of facts. In many aspects that is the same as pleading guilty. Although the main difference is, that when you enter this plea you still have the right to file an appeal. Do you understand that?

The Defendant: Yes, sir.

The Court: In most other aspects it's the same as a guilty plea, and I'll explain that to you in just a minute.

How old are you?

The Defendant: 32.

The Court: How far did you go in school?

The Defendant: Tenth grade.

The Court: Tenth Grade? You can read and write?

The Defendant: Yes, sir.

The Court: Do you understand the nature of this charge?

The Defendant: Yes, sir.

The Court: Do you understand the penalty involved?

The Defendant: Yes, sir.

The Court: Do you understand where you are and what you're doing?

The Defendant: Yes, sir.

The Court: Are you under the influence of any drugs or alcohol

today?

The Defendant: No, sir.

The Court: Have you ever been diagnosed with a mental disease or defect?

The Defendant: No, sir.

The Court: Do you understand if you're on parole or probation a finding of guilt in this case could violate that parole or probation?

The Defendant: Yes, sir.

The Court: Now, you also have the right to plead not guilty and have a trial before the Court, before me. And I, likewise, after hearing the evidence, would have to be convinced beyond a reasonable doubt that you are guilty in order to find you guilty. Do you understand that?

The Defendant: Yes, sir.

The Court: And you are giving that right up when you enter this plea. Do you understand that?

The Defendant: Yes, sir.

The Court: And by that I mean, in your case, no witnesses are going to be called. You won't get a chance to testify. You won't have the opportunity to call witnesses on your behalf. And your attorney won't get a chance to cross-examine the State's witnesses because they're not going to be called to testify. Do you understand that?

The Defendant: Yes, sir.

The Court: And if you were to have a trial, whether a court trial or a jury trial, you could refuse to testify. If you chose not to take the stand, no guilt could be inferred from the fact that you

6

didn't testify. Do you understand that?

The Defendant: Yes, sir.

The Court: The procedure that's going to be followed is that the State's Attorney is going to make a statement as to this charge. You and [defense counsel] are not going to dispute those facts. And based on that statement I'll determine whether you are guilty or not. In all likelihood, I am going to find you guilty and we'll then proceed to sentence. Do you understand that?

The Defendant: Yes.

The Court: Is there anything about this procedure that you don't understand?

The Defendant: No, sir.

The Court: Have you discussed it fully with your attorney?

The Defendant: Yes, sir.

The Court: Anything else you need to talk to him about?

The Defendant: No, sir.

The Court: Are you satisfied with his services?

The Defendant: Yes, sir.

The Court: Has anybody forced you or coerced you to get you to enter this plea?

The Defendant: No, sir.

The Court: Other than the dismissal of the other charges, has anybody promised you anything to get you to enter this plea?

The Defendant: No, sir.

> The Court: All right. **I find it's a knowing and voluntary plea.**
> I'll accept the plea.
>
> You can have a seat. (Emphasis added).

Petitioner argues that the trial court erred by accepting his waiver of a jury trial without finding and announcing on the record that the waiver was indeed knowing and voluntary as required by Maryland Rule 4-246(b). He maintains that our ruling in *Valonis & Tyler v. State*, 431 Md. 551, 568, 66 A.3d 661, 670 (2013) ("*Valonis*") announced a requirement that a trial court must determine and announce that a jury trial waiver was knowing and voluntary. He directs our attention to the end of the jury right waiver colloquy, when the court stated that it found that the Petitioner had waived his right to a jury trial, but did not at that time announce on the record that the waiver was knowing and voluntary. Albeit recognizing that the court did later state that it determined Petitioner's plea to be knowing and voluntary, Petitioner views this as a wholly separate colloquy from the jury trial waiver discussion. Petitioner reads *Valonis* to mandate strict compliance with the requirement that the court determine and announce that the jury waiver was knowing and voluntary. Thus, he concludes that he is entitled to a new trial without consideration of preservation or harmless error.

Petitioner seeks to ward off any attempt to distinguish his case from *Valonis* by spurning as irrelevant any distinction between a bench trial and a case, like his, that proceeds with a not guilty agreed statement of facts. Disavowing the characterization of his plea as the functional equivalent of a guilty plea, he argues that his case must be characterized as an

8

ordinary bench trial.[4]  As such, he insists, the proceedings in the Circuit Court here were indistinguishable from those in *Valonis*.  Finally, Petitioner urges that the only remedy capable of redressing noncompliance with the requirement that a jury waiver be determined and announced is a new trial.

In order to assess Petitioner's arguments, we must first explain our jurisprudence on jury waivers.  The requirements for a valid waiver of a jury trial are provided by Maryland Rule 4-246(b):

> A defendant may waive the right to a trial by jury at any time before the commencement of trial.  The court may not accept the waiver until, after an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, the court determines and announces on the record that the waiver is made knowingly and voluntarily.

In *Valonis*, the Court was presented with two cases that failed to meet the burden described by this rule.  431 Md. 551, 66 A.3d 661.  In those two colloquies, the respective trial courts listened to the defendant talk with his attorney on the record, and orally acknowledged the jury waiver.[5]  *Valonis*, 431 Md. at 554–59, 66 A.3d at 663–64.  The

---

[4] Petitioner correctly points out that "[t]he recently-enacted conditional guilty plea rule, Rule 4-242(d) played no role in this case."  It was not enacted until after the proceedings below.

[5] In the underlying cases, the respective colloquies for Valonis and Tyler were as follows:

> [DEFENSE COUNSEL]: Good afternoon, Your Honor . . . .
> This is a plea of not guilty.  Shall I advise?

(continued...)

9

[5](...continued)

> THE COURT: Please do.
>
> [DEFENSE COUNSEL]: Mr. Valonis, you are electing to have a trial in front of [His] Honor instead of a jury trial. Okay, a jury consists of 12 citizens selected at random from the voter and motor vehicle polls [sic] of Carroll County. In a jury trial, all 12 jurors would have to agree on a verdict of guilty or not guilty.
>
> The standard used by the jury is the same standard [His] Honor would use, which is beyond a reasonable doubt, okay?
>
> It is my understanding you are waiving your right to a jury trial and have [His] Honor hear the case today?
>
> [THE DEFENDANT]: Yes.
>
> THE COURT: All right. We will note the waiver of the right to trial by jury. He pleads not guilty. Anything preliminarily?

*Valonis & Tyler v. State*, 431 Md. 551, 554–55, 66 A.3d 661, 662–63 (2013). Tyler's plea colloquy proceeded as follows:

> [DEFENSE COUNSEL]: Initially, Mr. Tyler in Judge Finifter's courtroom made election for Jury trial. At this point Mr. Tyler wishes to waive Jury trial and proceed with this matter before Your Honor with a Court trial.
>
> THE COURT: Would you talk to Mr. Tyler about that on the record?
>
> [DEFENSE COUNSEL]: Mr. Tyler, I have indicated just now to Judge Cahill that you are wishing to waive the right to a Jury trial. I explained to you previously a Jury is 12 people picked from a larger pool of candidates from the motor/voter registration rolls of Baltimore County. By proceeding in this

(continued...)

10

manner, you give up the right to have jurors decide this case unanimously, meaning all 12 would have to agree on a verdict, and give up the right to have those jurors hear the case. The State has to prove beyond a reasonable doubt that you are guilty of any crime.

You asked a couple [of] times this morning what my thoughts were of a Court and Jury trial. I gave you my counsel . . . on how I thought you should proceed. By no means does that mean that I'm telling you what to do. This is your choice. No one can decide this for you. This is a decision you have to make on your own; you understand that?

THE DEFENDANT: Yes, sir.

[DEFENSE COUNSEL]: It's my understanding after talking with me, consulting with me, asking me pertinent questions, it's your desire to have Judge Cahill be the sole trier of facts and law in this case, is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: Couple additional things about a Jury trial. If you were to ask for a Jury trial, we would get jurors up here and start picking forthwith. The critical part about a Jury trial is that the State has to prove its case to the unanimous satisfaction of all 12 jurors. If even one person doesn't agree the State has made their case, that Jury can't find you guilty beyond a reasonable doubt. Ultimately, if there is not unanimous concurrence amongst the jurors, a mistrial is declared and the State has a right to come back and retry you another time. You understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Moreover, if you were to elect a Jury trial, that

(continued...)

11

Court held these colloquies insufficient because in neither case did the court expressly

determine and announce that the defendant knowingly and voluntarily waived his right.

*Valonis*, 431 Md. at 563, 66 A.3d at 668.  In so doing, the Court acknowledged that "Rule

4-246(b), which sets forth the standard for waiver of a jury trial, could not be clearer." *Id*.

As it explained:

> Subsection (b) requires the circuit court judge to make an
> express determination on the record that the defendant acted
> knowingly and voluntarily.  In other words, the judge is required
> to announce his or her finding as to the knowing and voluntary
> waiver on the record.  Because the waiver of a jury trial is
> personal, the requirement of an on-the-record determination by
> the trial judge provides further safeguards to ensure that the
> decision is in actuality the defendant's own knowing, voluntary,
> and personal choice.

---

[5](...continued)

> wouldn't change the fact that you have a right not to testify and
> to remain silent during the course of the trial.  If we had a Jury
> trial and you decided you wanted to maintain your silence, then
> I would instruct that jury upon request of Mr. Parvizian [defense
> counsel] that they were not allowed to consider your invoking
> your Fifth Amendment right as any evidence or indication of
> guilt.  Do you understand all that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you wish to have, to elect a bench trial? Yes?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Okay. All right. You may have a seat. Ready to
> start?

*Valonis*, 431 Md. at 556–58, 66 A.3d at 664.

12

*Id.* The Court explained that Md. Rule 4-246(b) requires strict compliance both in order to protect the rights of the accused, and to properly preserve trial court events for appellate review. *Valonis*, 431 Md. at 565, 66 A.3d at 669. When trial courts comply strictly with the requirement that jury waivers be announced on the record, the appellate review process becomes more "streamlined and efficient." *Id.* Ironically, the Court considered it likely that strict compliance would "curtail the growing number of appeals in this area given the clarity or lack thereof with regard to the trial judge's determination and announcement on the record." *Id.*

As part of the Court's holding in *Valonis*, it explained the requirements of the waiver colloquy. First, there must be an examination of the defendant on the record in open court. *Valonis*, 431 Md. at 566, 66 A.3d at 670. Although the questions to be asked depend upon the facts and circumstances of the particular case, the inquiry should focus on the defendant's knowledge of the proceedings, and the voluntariness of the defendant's actions. *Valonis*, 431 Md. at 566–67, 66 A.3d at 670. As the Court observed:

> While courts need not engage in a "fixed litany," *Abeokuto* [*v. State*], 391 Md. [289,] 320, 893 A.2d [1018,] 1036 [(2006)], the record must show that the defendant has some information regarding the nature of a jury trial. By discussing the applicable provisions, and recording the defendant's responses to those statements, that is one practical way for the court to reasonably ensure that the defendant's waiver is knowing. Likewise, by considering the defendant's answers to the suggested questions pertaining to the voluntariness of the waiver, that too is one practical way for the court to be reasonably certain that the waiver was voluntary.

13

*Valonis*, 431 Md. at 567, 66 A.3d at 670.  The trial court must do more than simply "'go through the motions'" during a waiver colloquy.  *Id*. (quoting *Tibbs v. State*, 323 Md. 28, 32, 590 A.2d 550, 551 (1991)).  Second, trial judges have a duty to "make a determination after an examination of the defendant, taking into consideration the judge's personal observations of the defendant and the defendant's responses to questions posed."  *Id*.  Finally, after the trial court examines the defendant and makes a determination as to the jury waiver, the court must announce that determination on the record.  *Valonis*, 431 Md. at 568, 66 A.3d at 670.

Petitioner argues that the trial court did not comply with these requirements because after the waiver colloquy, the trial court simply stated "All right.  I find that he has waived his right to a jury trial.  The case will be set in as a bench trial tomorrow morning."  It was not until after the parties had agreed to proceed with a not guilty statement of facts that the trial judge used the words "knowing and voluntary."  Petitioner interprets this later invocation of "knowing and voluntary" as pertaining only to the decision to forgo a contested trial.  As he sees it, the announcement did not focus at all on the jury waiver by itself.

To be sure, had the colloquy ended immediately after the discussion of the jury waiver, the court would have fallen short of *Valonis*' determination and announcement requirement.  Yet the court extended its investigation of Petitioner's knowledge and voluntariness in its colloquy regarding the plea, and made reference to the waiver of his right to a jury trial.  In these circumstances, it seems appropriate to consider whether the court's announcement was sufficient to cover both inquiries.

14

In *Valonis*, the Court shifted course, away from **sole** reliance on the totality of the circumstances test, announcing that it intended to hew more closely to the strictures of Md. Rule 4-246(b). 431 Md. at 564, 66 A.3d at 668. Nonetheless, the Court did not announce an inflexible requirement that only an announcement that **immediately**—without any break—follows a jury waiver colloquy satisfies Md. Rule 4-246(b). Indeed, the *Valonis* Court's disavowal of exclusive reliance on the totality of the circumstances test does not entail a disavowal of considering the circumstances surrounding the colloquy altogether. In this instance, the plea colloquy began with a reminder that "[y]ou just a few minutes ago waived your right to a jury trial, which you would be entitled to in this particular case." Thus, the question of the jury waiver was involved in both phases of the court's questioning Petitioner.

The purpose of the strict requirement announced in *Valonis* is to ensure that two goals are met. The first goal is that the trial court meaningfully investigate and analyze the disposition and appearance of defendants as they are in the process of waiving essential liberties. The second is to guarantee that the record clearly reflects this investigation and determination for the purposes of possible appellate review.

In this case, we conclude that both goals were met. The court conducted a detailed and lengthy colloquy regarding the jury trial waiver, and a fully sufficient plea colloquy "just a few minutes" later. At the end of the plea colloquy, the court explicitly found that Petitioner's actions in accepting the plea were "knowing and voluntary." This Court held in

15

*Nalls & Melvin v. State* that, "[s]o long as the trial judge determines that a waiver is made both 'knowingly' and 'voluntarily,' or uses synonyms that represent the same concepts, the court will have complied fully with Rule 4-246(b)." __ Md. __, __ A.2d __ (2014). When we consider (1) the thoroughness of the jury waiver colloquy, (2) the temporal proximity of that with an equally thorough plea colloquy, and (3) the judge's mention of the jury trial waiver at the commencement of the plea colloquy, we conclude that the court's announcement that defendant's actions were "knowing and voluntary" at the end of the plea colloquy was sufficient to establish, for purposes of appellate review, that the judge analyzed the disposition and appearance of Morgan in order to determine Morgan's actual understanding and voluntariness for both the jury waiver and the plea. We think the judge would not have mentioned the jury waiver at the commencement of the plea colloquy if he did not consider that to be part and parcel of the inquiry that a judge must make before accepting the not guilty agreed statement of facts. The record is complete and requires no additional interpretive guesswork on our part as to the relevant events in court.

For the above reasons, we hold that there was no error in the trial court's determination and announcement of the knowing and voluntary character of Petitioner's jury trial waiver.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY PETITIONER.**

Judge Watts joins in the judgment only.

16