McDONALD, J.,
dissenting, which ADKINS and RAKER, JJ., join.
In this case, the Court reverses Mr. Szwed’s convictions because the trial judge, at the conclusion of a lengthy pre-trial colloquy with him concerning his knowledge of his right to a jury trial and his desire for a bench trial, stated, in what was no doubt a slip of the tongue, that she found his decision to be “free and voluntary” instead of “knowing and voluntary.” The Court bases that decision largely on the precedent of Valonis v. State, 431 Md. 551, 66 A.3d 661 (2013).
*8 I dissent, for the same reasons set forth in my dissent in Valonis, 431 Md. at 570-76, 66 A.3d 661.[1] There is no need to repeat all of the points made in that opinion.
It bears mention, however, what is not at stake in this appeal — and in the related appeals in Nalls, Melvin, and Morgan,[2] There is no dispute that each of these defendants desired to have a bench trial rather than a jury trial. There is no dispute that each of these defendants made that decision voluntarily and with knowledge of its consequences. There is no complaint about the adequacy of the colloquies that the various trial judges conducted to confirm each defendant’s knowing and voluntary waiver.
Unless we presume that the trial judges were not aware of the requirement that the waiver be knowing and voluntary— i.e., that the judges did not know why they were engaging in the colloquy with the defendants to confirm that fact — it is evident that each of the judges determined that the waivers were knowing and voluntary because, however each articulated that determination, each judge proceeded to conduct a bench trial without a jury. The only issue in these cases concerns the trial judge’s verbal documentation of the judge’s determination. In this case, the issue is whether the judge’s failure to include the word “knowing” in her finding at the end of the colloquy negates her considerable effort, on the record, to ensure that Mr. Szwed knew the consequences of his waiver and his affirmation, on the record, that he did.[3]
*9 In the course of reversing Mr. Szwed’s conviction, as well as those of Mr. Nalls and Mr. Melvin, the Court modifies the Valonis holding to declare that, henceforth, a defendant must register a contemporaneous objection in the trial court to preserve any complaint concerning the trial court’s finding.[4] While I applaud the Court’s decision, it does render Valonis a brief interlude in which the Court dropped the contemporaneous objection rule and then reinstated it, with the beneficiaries being certain random defendants, some of whom were convicted of very serious offenses, who happened to note an appeal during that period. I agree with Judge Watts, in her concurring and dissenting opinion in the companion cases of Nalls & Melvin v. State, that the Court need not reverse those convictions. 437 Md. 674, 89 A.3d 1126, 2014 WL 1613399 (2014).
Presumably, under this new approach, the proliferation of Valonis appeals in this Court and in the Court of Special Appeals will abate. If a defendant must make a contemporaneous objection to an imperfect finding by the trial court to preserve the issue and does so, the trial court will inevitably correct any slip of the tongue and the desire for perfect documentation of the waiver will be satisfied.
Of course, even if the judge documents a waiver in whatever language we find acceptable, that is not necessarily the end of *10 the story. For the same reason that a slip of the tongue in documenting a waiver should not result in reversal of a conviction, neither should a perfect rendition of the magic words render the substance of the colloquy immune from challenge. See Winters v. State, 434 Md. 527, 76 A.3d 986 (2013) (even though trial judge found that defendant “knowingly and voluntarily” waived jury trial, erroneous explanation by judge of burden of proof undermined that finding).
Finally, it is worth noting that the colloquy in this case covered the points suggested in the committee note to Rule 4-246, even though they are not required by the rule itself, to ensure that the waiver was Mr. Szwed’s own decision and that he was aware of the consequences of his decision. Compare Transcript (September 26, 2011) at pp. 3-5 with Maryland Rule 4-246, committee note. Substitute the word “knowing” for “free” at the end and we would have to score this colloquy a perfect “10.” We can only hope to do as well ourselves.[5]
Judge ADKINS and Judge RAKER advise that they join this opinion.

. In Valonis, in a sharp break from precedent (see, e.g., Boulden v. State, 414 Md. 284, 295-96, 995 A.2d 268 (2010); Abeokuto v. State, 391 Md. 289, 322-24, 893 A.2d 1018 (2006)) and from the rules of construction set forth in Maryland Rule 1-201, the Court indicated that it would no longer consider the “totality of the circumstances” in determining the consequences of a failure to comply with a provision of a rule that does not itself state the consequences of non-compliance.

. Nalls & Melvin v. State, 437 Md. 674, 89 A.3d 1126, 2014 WL 1613399 (2014); Morgan v. State, 438 Md. 11, 89 A.3d 1149, 2014 WL 1621948 (2014).

. It is notable that the oral colloquy and finding required by Maryland Rule 4-246(b), while useful to ensure that a defendant’s waiver of a jury *9 trial is in fact knowing and voluntary, is not itself constitutionally required; it is simply in aid of the constitutional requirement that, to be effective, a waiver of a constitutional right must be knowing and voluntary. Compare Federal Rule of Criminal Procedure 23(a) (waiver of trial by jury to be in writing by defendant with consent of prosecution and approval of trial court); Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942).

. As outlined in my dissent in Valonis, I believed, as did at least some members of the Majority in that case and as the text of the decision certainly indicates, that the Court was dispensing with the contemporary objection requirement for alleged violations of Rule 4-246(b). See Valonis, 431 Md. at 568-69, 66 A.3d 661 (explaining at some length why the Majority believed that it would be "perverse” to penalize a defendant for not objecting); State v. Szwed, 438 Md. at 7, 89 A.3d at 1147 (Battaglia, J., concurring). Whether the Court's decision in these cases is simply an interpretation of Valonis, or a retrenchment from it, *10 it is more consistent with the usual requirement that issues be preserved.

. An appellate court can also sometimes have a slip of the tongue in this area. See Robinson v. State, 410 Md. 91, 107-08 & n. 5, 976 A.2d 1072 (2009) (stating that the right to a jury trial — and other constitutional rights — "can only be foregone by the defendant’s affirmative 'intelligent and knowing’ waiver,” without mentioning that the waiver must be voluntary).